ALBANY,
Aug. 1833.

The People
v.
Webster.

# THE PEOPLE *vs.* WEBSTER.

Ladies, who are *married women*, trustees of a corporation which has expired, are not entitled to be admitted to defend an action of ejectment in the place of the tenant without their husbands being joined.

August 8.    A motion was made in this case to substitute certain ladies as defendants, instead of the defendant on whom a declaration in ejectment was served, and that they have leave to defend. The property sought to be recovered was heretofore claimed by an incorporated society for the relief of indigent women and children, whose incorporation expired in 1830, at which time the ladies now asked to be admitted to defend were the managers of the society.   Several of them are married women.

*M. H. Webster,* for the motion.

*M. T. Reynolds,* contra.

*By the Court,* SUTHERLAND, J.  It is very questionable, to say the least of it, whether the ladies who apply to be let in to defend as landlords, instead of the tenant, can be sued without their husbands. They are trustees for the purpose of winding up the affairs of the corporation. 1 *R. S.* 600, § 9, 10. This is a general provision, declaring that the directors or managers of any corporation, when its charter expires or is dissolved, shall become trustees of the creditors and stockholders of such corporation, but where this trust devolves upon *femes covert,* it must be executed like other trusts, according to the forms of law ; and it is believed to be an universal rule, that although a married woman may be a trustee as executrix or administratrix, yet, when she sues, or is sued, her husband must be joined with her.  There is no general or special statutory provision taking this case out of the general rule.  But admitting the question to be doubtful, the plaintiffs ought not to be subjected to the hazard of having persons substituted as defendants who may be incapable in law of being sued, and who may not be liable for costs.  When the statute says the landlord may at his election appear without the tenant, 2 *R. S.* 341, § 17, it means the *legal landlord,* or the person who

in judgment of law is connected by privity of estate or interest with the tenant, a person who is capable of being a defendant in a suit.    The ladies on whose behalf this application is made, I think, do not fall within that description.    Their motion must be denied, but without costs.