## MORSE vs. EARL & JACKSON.

In an action against a *town* or *county officer*, on the contract of his *predecessor*, it is not necessary to aver a *promise* or engagement on the part of the defendant in the suit; it is enough to set forth the contract on which the suit is brought.

Where such contract is for the maintenance of a bastard child, and the suit is against a *successor* in office an order of a justice authorizing the expenditure of money for the support of the child must be shown; but a judgment will not be arrested for the want of the averment of the existence of such an order, as the court will presume that such order was produced on the trial.

In a suit against the officers who entered into the contract, a plaintiff would not be bound to show the existence of such order.

A *husband* cannot maintain a suit in his own name, to recover a demand which accrued to his *wife* before marriage under a contract made with her : the *wife* must be joined in the action.

So also, *it seems*, where a husband performs the stipulations of a contract entered into by his wife before marriage, which if performed by her whilst sole would have given her a right of action, that the action for the recovery of a demand thus arising must be brought in the joint names of husband and wife.

MOTION in arrest of judgment. The plaintiff declared against the defendants, as overseers of the poor of the town of *Andes*, and alleged that on the 19th July, 1828, John Bassett and Jesse Burtch, *then* overseers of the poor of the town of *Andes*, agreed with *Elizabeth Earl* to pay her $\frac{33}{100}$ per week for the maintenance and support of a bastard child, of which she had been delivered, and which was chargeable to the town of Andes ; and that in pursuance of such agreement, Elizabeth Earl did maintain and support the child for the period of

one year; and further, that on the first of June, 1830, he, the plaintiff, intermarried with Elizabeth Earl, and that, confiding in the promise of Basset and Burtch, he, the plaintiff, provided for and supported the child for the period of *four years*, where by Basset and Burtch and their successors in office became liable to pay him $200 for the support of the child; concluding with the allegation that neither the defendants nor their predecessors had paid, &c. The plaintiff had a verdict for $85-50. The defendants move in arrest of judgment.

*M. T. Reynolds*, for defendants.

*A. Taber*, for plaintiff.

*By the court*, SAVAGE, Ch. J. The defendants move in arrest of judgment on three grounds; the first of which is, that there is no averment in the declaration of a promise by the defendants. It is a sufficient answer that the promise of Bassett and Burtch, if legally made, is binding upon their successors. The statute declares, " When any contract shall have been entered into, or any liability shall have been incurred by or in behalf of any county or *town* by any officer thereof, within the scope of his authority, the same remedies may be had against any successor of such officer, in his official character, as might have been had against such officer if he had continued in office." 2 *R. S.* 474, § 98.

The second objection to the declaration is, that there is no averment that any order was made by a justice of the peace, authorizing the expenditure of money in supporting the child. Such order was undoubtedly necessary to charge the successors of the officers making the contract; and as such order must have been proved before a recovery could have been had, the court will presume that it was produced upon the trial, and judgment therefore will not be arrested for the omission of the averment. An action would have laid against Bassett and Burtch, even if no order had been produced, 15 *Johns. R.* 281, because it is the duty of the overseers to see that they have the proper authority before they contract; if they do not, they are personally liable; but as the

plaintiff obtained a verdict, the presumption is that the neces-sary proof to charge the successors was produced.

It is further objected that the *wife* of the plaintiff should have been joined in the action. It is well settled that the husband cannot be sued alone, upon a contract of the wife when sole and before marriage. 15 *Johns. R.* 403, 482. 8 *id.* 150. 7 *T. R.* 351. Neither should he be permitted to pros-ecute alone upon such a contract. *Reeves' Dom. Rel. ch.* 10, *p.* 126. Here the plaintiff recovered in his own name for the board of the child for one year before coverture, and of course for one year before he had any interest in the contract. This is a cause of action which, in case of the death of the husband, would undoubtedly survive to the wife. As to the residue, also, I am inclined to think the wife should have been joined, because the husband had no cause of action except by force of the contract made by the overseers of the poor with the wife before marriage. Had the plaintiff supported the child upon any contract of his own, express or implied, it is con-ceded the wife could have no interest in it; but there was no implied contract on the part of the overseers to pay the plaintiff for keeping his wife's child; and there was no ex-press contract, except that made with the wife before mar-riage. None other is declared upon in the first court, under which alone the verdict is found. But whether I am correct in this position or not, judgment should be arrested, because the plaintiff has recovered for one year's support of the child, for which no action could be maintained, except in the names of both husband and wife.

Judgment arrested.