THORNE and wife *vs.* DILLINGHAM, executor of Thorne.

In assumpsit by husband and wife, the declaration must state the interest of the wife in the contract; and for the want of such statement in this case, the judgment was arrested.

In general, the wife cannot be joined as plaintiff with her husband in an action on a contract made during coverture; but where she is the meritorious cause of action, and there was an express promise made to her, she may be joined. *Per* BEARDSLEY, J.

In such case the declaration must state the facts necessary to bring it within the exception.

Where, in an action by husband and wife, the plaintiff's case was, that while the wife was sole, money had been paid by a third person to the defendant's testator, to be enjoyed by him during life, and then to be paid to her; *held,* that the plaintiffs could not recover on a count for money had and received, but should have declared specially.

MOTION in arrest of judgment. The declaration was in *assumpsit* and contained two counts: (1) That the testator, in his lifetime, was indebted to the plaintiffs for money had and received by him to and for the use of the said plaintiffs; and being so indebted, in consideration thereof, afterwards, in his lifetime, on, &c. at, &c. undertook and promised the said plaintiffs to pay them, &c. (2) A like indebtedness by the testator in his lifetime and at his decease, in consideration of which the defendant, as his executor, after his death, on, &c. at, &c. promised the plaintiffs to pay them the said sum of money when thereunto afterwards requested.

The defendant pleaded *non assumpsit,* and the cause was referred. The referees made a report in favor of the plaintiffs for $1487.

There was also a motion to set aside the report, on a statement of the evidence and proceedings reported by the referees.

Thorne *v.* Dillingham.

The case attempted to be proved by the plaintiffs was, that in 1820 or 1821, Joseph Thorne sent to the testator $1300, which was to be used by the testator during his life, and by his wife during her life, if she survived him, for their own benefit; and after the death of both, it was to belong to the plaintiff Caroline Thorne, the wife of the other plaintiff, she being an illegitimate daughter of Joseph Thorne, and then a young child. The defendant gave evidence tending to shew that the money came from Stephen Thorne, and not from Joseph; and that it was given to the testator without any reference to the plaintiff Caroline, who had no interest in it. On the trial before the referees, the defendant's counsel took the objections subsequently relied on here to set aside the report.

*C. F. Ingalls & D. Wright*, for the defendant. Upon the motion in arrest of judgment, they insisted, (1) that the declaration was bad for stating the promise to both plaintiffs. The interest of Caroline Thorne in the cause of action should have been specially stated, in order to shew that it was a case in which the action could be maintained by husband and wife. (1 *Chitty's Pl.* 19, 20; *Staley* v. *Barhite and wife*, 2 *Caines*, 221; *Bidgood* v. *Way and wife*, 2 *W. Bl.* 1236; *Buckley* v. *Collier*, 1 *Salk.* 114; *Esp. N. P.* 127.) (2) That the declaration was defective for uniting in different counts, promises by the testator in his lifetime, and by the executor, after his decease. (*Demott* v. *Field*, 7 *Cowen*, 58; *Myer* v. *Cole*, 12 *John.* 349.)

Upon the motion to set aside the report, they maintained (1) that an action upon the common counts for money had and received, would not lie in this case; that the plaintiffs should have counted specially on the agreement. (*Wheeler* v. *Curtis*, 11 *Wend.* 665; *Cooke* v. *Munstone*, 1 *Bos. & Pull. N. R.* 351; *Ladue* v. *Seymour*, 24 *Wend.* 60; *Chitty on Cont.* 607, 614; *Buller's N. P.* 134; 2 *Kent's Com.* 438, 9; *Dyer*, 49, (*a*); *Quin* v. *Hanford*, 1 *Hill*, 82; *Fink* v. *Cox*, 18 *John.* 145; *Stafford* v. *Bacon*, 1 *Hill*, 535; *Saund. on Pl. & Ev.* 213; *Berly* v. *Taylor*, 5 *Hill*, 577.) (2) That the declaration set forth a joint

promise to both plaintiffs, but upon the proof the promise was to the wife when sole, and the plaintiff's title arose out of the marital relation, which should have been averred. (*Staley* v. *Barhite, supra* ; 1 *Chitty's Pl.* 19, 20 ; *Bidgood* v. *Way and wife, supra ;* 2 *Chitty's Pl.* 48.)

*J.. Ellsworth & D. Cady;* for the plaintiff, cited 1 *Chitty's Pl.* 33, 333 ; *Anon.* (1 *Salk.* 282 ;) *Grangiac* v. *Arden,* (10 *John.* 293 ;) *Schemerhorn* v. *Vanderheyden,* (1 *John,* 139.)

*By the Court,* BEARDSLEY, J. In general, a wife cannot join with her husband in an action upon any contract made during coverture, whether with the wife alone as the party, or with the two jointly. But to this rule there are exceptions ; for where the wife is the meritorious cause of action, and a party to an express promise founded thereon, she may be joined with her husband in an action for its violation. (1 *Roper on Husb. and Wife,* 213 ; *Rose* v. *Bowler,* 1 *H. Bl.* 108 ; *Weller* v. *Baker,* 2 *Wils.* 424 ; *Buckley* v. *Collier, Carthew,* 251 ; *S. C.* 1 *Salk.* 114 ; *Brashford* v. *Buckingham, Cro. Jac.* 77 ; *id. S. C.* 205 ; *Phillishirk* v. *Plucknell,* 2 *M. & Sel.* 393 ; *Executors of Schoonmaker* v. *Elmendorff,* 10 *John.* 49 ; *Staley* v. *Barhite,* 2 *Caines,* 221 ; *Browne on Actions at Law,* 239 ; 1 *Chitty's Pl.* 33, 7*th Am. ed. ; Chitty on Cont.* 176, 180, 5*th Am. ed.*) In all such cases, however, the declaration must distinctly state the particular cause for making the wife a party to the action, for it will not be presumed that any such cause exists. The authorities referred to are full to this point.

In the present case the declaration sets forth no cause whatever for making the wife a party. It was adjudged in *Bidgood* v. *Way and wife,* (2 *W. Bl.* 1236,) that an action for money had and received to the use of husband and wife; and a promise thereupon to both, would not lie, and the judgment which had been rendered by default in the K. B., was, on that ground, reversed in the exchequer chamber. (*See also Buckley* v. *Collier, Phillishirk* v. *Plucknell, cited before ;* 3 *East,* 104 ; *Ord* v. *Fenwick, Cro. Jac.* 644 ; *Abbot* v. *Blofield,* 1 *Roper,* 214.)

The declaration in this case is, therefore, bad: a judgment upon it in favor of the plaintiffs would be erroneous.

On the merits, I think no action for money had and received could be sustained upon the facts proved. Such an action would not lie in favor of Caroline, (the wife,) if she had never married. The money claimed was not received by the testator *to her use ;* it was advanced to him as his own property; and as claimed on the part of the plaintiffs, he only bound himself that a *like sum* should be paid to Caroline after the decease of himself and his wife. A count for money had and received, is not adapted to such a case. The action must be on the special agreement. (*Seaman* v. *Whitney,* 24 *Wend.* 260; 2 *Saund. Pl. & Ev.* 672; *Chitty on Cont.* 602, 609 ; 1 *Chitty's Pl.* 386, 387.) But this view need not be pursued further. The defendant asks to have the judgment arrested, and as the declaration is radically bad, he is entitled to his motion.

Judgment arrested.