TOMPKINS GENERAL TERM, August, 1847. *Shankland, H. Gray, Mason, and Morehouse,* Justices.

## LATOURETTE and wife *vs.* WILLIAMS.

Where a husband pledges, as security for a temporary loan, a note given to his wife before marriage, and afterwards redeems the note and receives it back, this is not such a reduction of the same into his possession as will destroy the wife's interest in it, or authorize the husband to sue thereon in his own name only.

A *chose in action* belonging to the wife will not be considered as reduced by the husband into his possession, merely by his having the actual possession of the instrument.

It is necessary that the money should be actually received by him, or by a third person as his agent, for his use; or that a judgment should be recovered, and an execution issued, in the name of the husband and wife, or in the name of the husband alone.

The wife's title by survivorship, to her *chose in action*, can only be barred by a release of the demand by the husband, or by a sale of it, either absolute or conditional.

The act of pledging a note does not pass the title to the pledgee; but the title remains in the pledgor.

THIS was an action of assumpsit, brought to recover the amount of a promissory note for $275, executed by the defen-

VOL. I.                     2

dant, and payable to one of the plaintiffs before her marriage with her husband, her co-plaintiff in this suit. The cause was tried at the Tompkins circuit in August, 1845, before Edmonds, circuit judge. The defendant relied upon the following facts as a defence, viz. that Latourette, the husband, after the marriage, had borrowed fifty dollars of a neighbor, and deposited the note in question with him, as a security for the repayment, and that in a short time afterwards he repaid the money, and received back the note. The circuit judge thereupon decided that it being undisputed that the note had been pledged by the husband for the repayment of a sum of money, and afterwards redeemed, an action thereon in the joint names of the husband and wife would not lie. And he directed the jury to find a verdict for the defendant. The plaintiff excepted to such decision, and now moves for a new trial.

*By the Court*, SHANKLAND, Presiding Justice: It is a well settled principle of law, that a husband cannot maintain a suit in his own name to recover a demand which accrued to his wife before marriage, under a contract made with her : the wife must be joined in the action. (*Morse* v. *Earl*, 13 *Wend.* 271.) Was the act of pledging the note in question, to secure the payment of a loan of money, and afterwards redeeming it, such a reduction of it to possession by the husband, as to destroy the wife's interest in it ? I think not. Nothing short of a release of the demand, or a sale of it, either absolute or conditional, will have that effect. But merely pledging a note does not pass the title, as a sale or mortgage does. (12 *John. Rep.* 146.  5 *Id.* 258.) In the case of a pledge, the title remains with the pledgor.  (*Id.*) In case of a mortgage, the title passes at law, although in equity it is considered as a mere lien.

It is said in the books that if the husband reduces his wife's *choses in action* into possession, it will operate as an effectual bar to her right of survivorship ; but by this is not meant his mere actual possession of the instrument. It means either his receiving the money, or the reception of it by some third person as his agent, for his use, or by the recovery of a judgment

and the issuing of an execution in the name of husband and wife, or in the name of the husband alone. (*Clancy's Rights of Married Women,* 111, 112, 113. *Moehring* v. *Mitchell,* 1 *Barb. Ch. Rep.* 271.) And where husband and wife sue on a chose in action belonging to the wife *dum sola,* it will survive to the wife, unless the husband has issued execution; because, as the action in such a case *must* be brought in the name of the husband and wife, no inference of the husband's intention to deprive her of the right of survivorship can be drawn from the suit being brought in their joint names. But the issuing of an execution is considered evidence of the husband's intention to reduce the chose in action into possession, and thus to bar his wife's title by survivorship. (3 *Atk.* 20. 2 *Vesey, sen.* 677.) So the wife's title by survivorship to her choses in action may be barred by the assignment of the husband, for a valuable consideration. (1 *P. Wms.* 380. *Clancy,* 120.)

In this case the husband has neither mortgaged, sold, nor assigned the demand; and the mere act of pledging the note to another, as security for a temporary loan, was no evidence of an intention to appropriate it to his own use; and his redeeming it afterwards, placed it in all respects in *statu quo.*

A new trial is granted, with costs to abide the event.

---

OSWEGO SPECIAL TERM, September, 1847. *Allen,* Justice.