## SUPREME COURT.

HOWLAND, BY ALLEN, her next friend, agt. FORT EDWARD PAPER MILL COMPANY.

HOWLAND, BY HUGHES, her next friend, agt. Same.

In all cases in which a wife sues, or is sued by, a stranger, in respect to her separate property, her husband should be a party, plaintiff or defendant, unless he is civilly dead, &c.

When the husband may, and when he must, join the wife; and when she must sue by her next friend; and her rights under the statutes of 1848 and 1849, for the effectual protection of the property of married women, considered.

*Special Term, August,* 1853. In the first named suit, the complaint stated that plaintiff was married to Thomas Howland in February, 1852, and still remains his wife, and that on the

1st day of January, 1853, the defendants an incorporated company, gave her a promissory note, by which, for value received, they promised to pay to the order of the plaintiff, $300, in four months; which they have not paid, but are justly indebted to plaintiff therefor; and that she is owner of the note, and that it is the separate property of the plaintiff.

The complaint in the second suit was precisely like the first, except that the marriage was alleged to have taken place in February, 1853, and the note given on the 1st day of January, 1853, and payable in two months.

The defendants demurred in both suits, specifying as grounds therefor, that plaintiff had not legal capacity to sue; that there was a defect of parties plaintiff; that plaintiff had no right to sue by next friend; that the complaint did not state facts sufficient to constitute a cause of action; and that it did not appear how, or by whom, or for what purpose, the note was given or made.

> WAIT & PARRY, *for Defendants.*
>
> HUGHES & NORTHROP, *for Plaintiff.*

HAND, Justice.—Before the recent statutes, no doubt, the husband could have brought an action upon both of these notes, and might in one case, and must in the other, have joined the wife. (Searing agt. Searing, 9 *Paige*, 288; Thompson agt. Ellsworth, 1 *Barb. Ch. R.* 624; Moehring agt. Mitchell, *Id.* 271; Philliskirk agt. Pluckwell, 2 *M. and Sel.* 393; Burrough agt. Moss, 10 *B. and C.* 558; Howell agt. Maine, 3 *Lev.* 403; Nash agt. Nash, 2 *Modd. R.* 133; McMilage agt. Holloway, 1 *B. and Ald.* 218; and see Borst agt. Spelman, 4 Comst. 290.) At law the husband and wife must have joined, to recover rights in action belonging to her at the time of the marriage, for they survive. (Morse agt. Earl, 13 *Wend.* 271; *Clancey on Rights of Married Women,* 4; *Bing. on Cov.* 246; *Reeves on Dom. Rel.* 126.)

On a note or bond given to her during coverture, the wife might have been joined, or the husband have sued alone. (*Bing. on Cov.* 251; *Clancy, &c.* 4, 5; *Reeve's Dom. Rel.* 131;

Searing agt. Searing, 9 *Paige*, 288; Thompson agt. Ellsworth, 1 *Barb. Ch. R.* 624; Philliskirk agt. Pluckwell, 2 *M. and Sel.* 393; Howell agt. Maine, 3 *Lev.* 403.) And she might sometimes be joined in a suit on other express promises to her, and where she was the meritorious cause of action, or there was a consideration moving from her, which must have appeared in the declaration. (Muse agt. Wills, 4 *B. and Ald.* 739; Brashford agt. Buckingham, *Cro. J.* 205; 1 *Chit. Pl.* 18, 19; Staley agt. Barhite, 2 *Cai.* 221; Thorn agt. Dillingham, 1 *Den.* 254.) But in no case, at law, could the wife sue alone, unless her husband was civilly dead, or banished, or there had been a divorce, &c. (Cardell agt. Shaw, 4 *T. R.* 361; Marshall agt. Rutton, 8 *Id.* 545; Beard agt. Webb. 2 *B. and P.* 93; 1 *Chit. Pl.* 18; Boggett agt. Frier, 11 *East.* 301; Chambers agt. Donaldson, 9 *Id.* 471; Byrne agt. Van Hoesen, 5 *J. R.* 66; Johnson agt. Parmeley, 17 *J. R.* 271; People agt. Webster, 10 *Wend.* 554; 1 *Sel. N. P.* 229; 1 *Burr. Pr.* 61; *Stor. Eq. Pl.* 62.) This rule seems to have been inflexible, whatever was the nature of the interest of the wife; for at common law, she had no separate property. (Coomes agt. Elling, 3 *Atk.* 679; *Clancy*, 251; 2 *Stor. Eq. Jur.* § 1378.) And no general creditors. (Marshall agt. Rutton, *supra*, 2 *Stor. Eq. Jur.* § 1397; Rodgers agt. Ludlow, 3 *Sandf. C. R.* 104; Lewis agt. Lee, 3 *B. and C.* 291; 5 *Ves.* 17, *and notes to Sumner's Ed.*; Gardner agt. Gardner, 22 *Wend.* 528; Lovett agt. Robinson, 7 *How. Pr. R.* 205; Noyes agt. Blakeman, 3 *Sandf.* 531.) In Richards agt. Richards, (2 *B. and Ald.* 447,) a note given by the husband and the defendants to the wife, was held to survive to her after his death, even though the defendants were but sureties of the husband. But there the rule that the wife could not sue at law without joining her husband, was recognized, and it was conceded that no action could have been brought upon the note during the coverture. So when the husband sued in equity, for her personal property, not settled to her separate use, as a general rule he must have joined the wife. (1 *Dan. Pr.* 113, 143; Schuyler

agt. Hoyle, 5 *J. C. R.* 196; Blount agt. Bestland, 5 *Ves.* 515.)

But in equity, as to her separate property, she is deemed a *feme sole*, and may not only charge it, unless prevented by the terms of the gift, grant, &c., but she could maintain a suit in relation to it, without joining her husband as plaintiff. Formerly, in such suits by her, the husband was joined with her, for sake of conformity. The court itself took care that the separate estate of the wife, recovered in such suits, was protected from the husband. The allegation in the bill of complaint, that the property was her separate estate, and a decree to that effect, were considered sufficient protection for the defendant. (Smith agt. Myers, 3 *Modd. R.* 474; Lillia agt. Airey, 1 *Ves. Jr.* 277; *Stor. Eq. Pl.* 64; *Stor. Eq. Jur.* 1368; Wade agt. Parker, 2 *Keen.* 72, 75.) But by the more recent practice, a bill by the husband and wife for her separate estate, is considered his bill, and the defendant may insist upon her prosecuting by her next friend. (Grant agt. Van Schoonhoven, 9 *Paige,* 257; Bowes agt. Smith, 10 *Id.* 201; Alton agt. Jones, 3 *Barb. Ch. R.* 397; Cook agt. Rawdon, 6 *How. Pr. R.* 235; Stewart agt. Kissam, 2 *Barb.* 498; England agt. Downes, 1 *Beav.* 96; Sigel agt. Phillips, 7 *Sim.* 239; Owden agt. Campbell, 8 *Id.* 551; Hughes agt. Evans, 1 *S. and S.* 185; Mole agt. Smith, 1 *J. and W.* 645; Thorley agt. Yeats, 1 *Yo. and Coll. C. C.* 438; Simonds agt. Hawood, 1 *Keen.* 7; Wade agt. Parker, 2 *Id.* 59.) And in every case, unless the husband was civilly dead, absent, banished, &c., where the suit was with a stranger, the husband must have been plaintiff or defendant, as well in equity as at law. (1 *Fonb.* 109, *N. P.*; Smith agt. Myers, *supra;* Clancy, 358; *Stor. Eq. Pl.* 64; *Hill on Tr.* 225.) Mr. FONBLANQUE said, he had not been able to find a case, either at law or in equity, in which she had been allowed to sue, or be sued by a stranger, merely in respect to her separate property, without her husband being plaintiff or defendant. (1 *Fonb.* 109, *N. P.*) Our courts have construed the power of the wife to dispose of, or charge her property, with great liberality. (Jacques agt. Meth. Ep. Ch.

17 *J. R.* 548; Strong agt. Skinner, 4 *Barb.* 546; Dyett agt. N. A. Coal Co., 20 *Wend.* 573; 2 *Stor. Eq. Jur.* 1390, *et seq.*) But where no valid disposition of the separate personal property of the wife was made by her, and there was no limitation over to others, the husband took it; not it seems, as next of kin, but *jure mariti.* (Stewart agt. Stewart, 7 *J. C. R.* 245; Lockwood agt. Stockholm, 11 *Paige,* 91; Moloney agt. Kennedy, 10 *Sim.* 254; Proudley agt. Fielder, 2 *M. and K.* 57; Watt agt. Watt, 3 *Ves.* 244; Watson agt. Bonney, 2 *Sandf. R.* 405; 2 *R. S.* 755, §§ 29, 30, 98 § 79; Van Wert agt. Benedict, 1 *Bradf. R.* 114; McCosker agt. Golden, *Id.* 64; Tugman agt. Hopkins, 4 *M. and Gr.* 389; Carne agt. Brice, 7 *M. and W.* 183; and see Bailey agt. Wright, 18 *Ves.* 49; Fettiplace agt. Gorges, 1 *Ves. Jr.* 46; Garrick agt. Ld. Camden, 14 *Id.* 372.) And in many cases, where the principal could not go to the husband, he took the accretion or savings undisposed of at her death. (Moloney agt. Kennedy, *supra;* Tugman agt. Hopkins, *supra;* Carne agt. Brice, *supra;* Messenger agt. Clarke, 5 *Exch. R.* 388; and see Shirley agt. Shirley, 9 *Paige,* 364; 2 *Edwd. C. R.* 628; 3 *Id.* 336.) Though it might be otherwise in equity. (*Clancy,* 271, *et seq.*; Searing agt. Searing, *supra.*) Even of real estate, held by the wife as her separate property, the husband may be tenant by the curtesy. (Hurd agt. Case, 9 *Barb.* 369; Morgan agt. Morgan, 5 *Madd. R.* 408; Roberts agt. Dixwell, 1 *Atk.* 606; Sweetapple agt. Binden, 2 *Vern.* 536; *Clancy,* 193; 4 *Kent.* 31.) And beside, where the wife obtains separate property without the intervention of trustees, the husband will be held a mere trustee for her. (2 *Stor. Eq. Jur.* § 1380; *Bing. on Cov.* 273; 2 *Kent.* 162; Bennett agt. Davis, 2 *P. Wms.* 316.) And in a suit by *cestui que trust,* against strangers, the trustees were necessary parties. (*Hill on Tr.* 546.)

It was reasonable, therefore, that the husband should, in all cases, unless banished, &c., be a party, as well to protect his own interests, as for the protection of the defendant. A suit by the wife alone, he not being a party, would not affect the

rights of the husband; nor protect the defendant against him. See Reeve agt. Dalby, 2 *Sim. and S.* 464; 1 *Dan. Pr.* 143.)

What change in the rights of the parties, or in the practice, has been made by the Code and the statutes, for the more effectual protection of the property of married women? (*Laws of* 1848, *ch.* 200, *p.* 307 ; *Laws of* 1849, *ch.* 375, *p.* 528.)

The first section of the act of 1848, declares that "the real and personal property of any female that may hereafter marry, and which she shall own at the time of her marriage, and the rents, issues, and profits thereof, shall not be subject to the disposal of her husband ; nor be liable for his debts ; and shall continue her sole and separate property, as if she were a single female." The second section of the act declares that the property " and the rents, issues and profits thereof, of any female now married, shall not be subject to the disposal of her husband ; but shall be her sole and separate property as if she were a single female ; except so far as the same may be liable for the debts of the husband heretofore contracted." The third section of the act, as amended in 1849, is as follows : " any married female may take by inheritance, or by gift, grant, devise or bequest, from any person other than her husband, and hold to her sole and separate use, and convey and devise real and personal property, and any interest or estate therein, and the rents, issues, and profits thereof, in the same manner, and with like effect, as if she were unmarried ; and the same shall not be subject to the disposal of her husband, nor be liable for his debts." The marriage in this case, was after the passage of the act, and consequently, the second section does not apply. And the first section does not apply to the note given after the plaintiff was married, (the first suit above entitled,) because she did not own it at the time of the marriage. Probably, the discrepancy in the date of the marriage, as stated in these two complaints, is merely clerical, but I must decide upon the pleadings as I find them. Perhaps it was the intention by the third section, to make all property which a *feme covert* may receive, her sole and separate estate. Before it was amended, it only declared, what had long been held in a

court of equity, that it was lawful for a married woman to take and hold property to her sole and separate use, under a proper gift, grant, &c., for that purpose. But this construction would now render the provision in relation to property taken by inheritance, nugatory; and probably the intention was to make all property received by a married woman in the modes specified, her separate estate. But then it would hardly include a note payable directly to the wife. That is not a grant, devise, or bequest, and as a gift, cannot be enforced. (*Story on Bills*, § 184; *Chitt. on Bills*, 72 *n. g.*; *Chitt on Cont.* 51; Harris agt. Clark, 3 *Comst.* 112, *et seq. and authorities there cited.*)

These statutes, therefore, do not affect the suit on the note given after the marriage. But if they applied to both notes, I think they would have no other effect than to make them the separate property of the wife, subject to all the incidents of separate property heretofore held by grant, devise or settlement, if granted, &c., on the same terms as those contained in these respective sections. And the husband has the same rights and duties, and no other, as he would have in those cases.

The complaints allege that the notes were the sole property of the plaintiff; but no facts are stated. When the wife was joined at law, her interest must have been expressly stated. (Staley agt. Barhite, 2 *Cai. R.* 221; Bidgood agt. Way, 2 *Bl. R.* 1236; 1 *Chitt. Pl.* 21.) And the facts showing that it was her separate property would have been necessary in a bill in Chancery. It was necessary to state the plaintiff's right, title, or claim, with reasonable certainty as to the essential circumstances of time, place and manner. Where plaintiff, in a bill against the directors, &c., of an unincorporated company alleged that he had purchased certain shares, and was the holder thereof, without stating how he derived his title, a demurrer was sustained. (Walburn agt. Ingilby, 1 *My. and K.* 61. And see East Ind. Co. agt. Henchman, 1 *Ves. Jr.* 287; Palmer agt. Mure, 2 *Dick.* 489; Ryres agt. Ryres, 3 *Ves.* 343; *Stor. Eq. Pl.* §§ 240 *to* 262.) This I think is still necessary, and the mere statement, that the note was her separate property, and that she was the owner thereof, is not sufficient. Under

section 162, an instrument for the payment of money only, is sufficiently pleaded by giving a copy, and stating what is due to the plaintiff; but this does not dispense with every other allegation. The plaintiff, certainly, unless a party to the instrument, must connect himself with it, and show how he derives title. (Lord agt. Cheeseboro, 4 *Sand. S. C. R.* 696.) *Prima facie*, a note to the wife belongs to the husband, and he may sue upon it alone. It is not necessary to state the evidence, but facts according to their legal effect, and not mere conclusions of law. A note to a *feme covert* imports a consideration, *prima facie*, and she may be considered the meritorious cause of action. (Philliskirk agt. Pluckwell, 2 *M. and Sel.* 393; Borst agt. Spelman, 4 *Comst.* 290.) But no presumption arises therefrom, that it is her separate property. Such a trust, in order to exclude the marital rights of the husband, must be distinctly expressed. (*Clancy* 262; 2 *Stor. Eq. Jur.* § 1383; Kensington agt. Holland, 2 *M. and K.* 184; Tyler agt. Lake, 2 *R. and Myl.* 183.) But, with some hesitation, I am inclined to the opinion that the allegation, that she is owner, and that the note is her separate property, must, in these cases, be deemed sufficient, as no such ground of demurrer is specified. (*Code*, §§ 144, 147, 148.) As to the note given before marriage, the facts show, without any such averment, that it was her separate property under the statute of 1848.

Admitting the notes to be the separate property of the wife, I think the husband, under the Code, should have been made a party. He must be joined with her, except that she may sue alone when the action concerns her separate property, and when it is between the husband and the wife. When he cannot be joined with her, as there provided, she must have a next friend. (*Code*, § 114.) It is only when he cannot be joined with her, that she can sue by next friend. And a next friend is necessary only where his interests are adverse to her, for in all other cases he can join her. When his interests are adverse, he should be made a party defendant, as necessary to a complete determination of the rights involved. (*Code*, § 118.)

The former reasons for his being a party plaintiff or defendant in a suit in relation to her separate property, still exist.

But the nonjoinder of the husband as defendant, is not specified as a cause of demurrer. If this is her separate property there is no defect of parties plaintiff. Is the nonjoinder of the husband, as defendant, such a defect that the court cannot give judgment for want of parties? As a general rule, in equity, all persons entitled to litigate the same questions, are necessary parties. (La Grange agt. Merrill, 3 *Barb. Ch. R.* 625; Baily agt. Inglee, 2 *Paige*, 278; *Stor. Eq. Pl.* § 72, *et seq.*) And I have no doubt the court, under the Code, has power to order the cause to stand over to enable the plaintiff to bring the necessary parties before the court. (Miller agt. McCan, 7 *Paige*, 452; 1 *Dan. Pr.* 339; 1 *Barb. Pr.* 321; *Code*, § 173.) But I am inclined to think, the defendants can waive their objection to this defect, and have done so. It has been doubted whether a misjoinder of husband and wife could be taken advantage of at the hearing, after the defendant has answered generally. (Bowers agt. Smith, 10 *Paige*, 193; Sweeney agt. Hall, *Sausse and Sc.* 662.) But the better opinion seems to be that it may be, especially where the sum demanded is a specific sum, as in this case. (Bowers agt. Smith, *supra*; Sherman agt. Burnham, 6 *Barb.* 413; Wake agt. Parker, 2 *Keen*, 59.)

However, the result is that the demurrers must be overruled. But as the defendants will have leave to answer, and in that case insist upon want of parties, the plaintiff also may have leave to amend, by making her husband defendant or plaintiff, as she shall be advised; and the costs of these demurrers must abide the event of the suit.

Ordered accordingly.