## PUTNAM vs. BICKNELL and others.

Though void at law, an absolute conveyance of real or personal property from a husband directly to his wife, is sufficient in equity to vest the property in the wife as against all persons except the creditors of the husband, especially where the transfer is fairly made upon a meritorious or valuable consideration.

A husband purchased land in his own name with funds of his wife, and held it in trust for her until just before his death, when he conveyed it to her by deed, subject to a mortgage. *Held*, upon a sale under the mortgage, that the wife

was entitled, as against the *heirs*, to the whole surplus after satisfaction of the mortgage.

The wife, after the execution of said deed to her, having given a mortgage on the land, *Held*, that the court below did not err in directing that the amount due the second mortgagee should be first paid from the surplus remaining after payment of the prior mortgage.

APPEAL from the Circuit Court for *Jefferson* County.

Silas Sears and Betsy M. Sears, his wife, executed a mortgage to the plaintiff upon certain land in said county. Afterwards, Silas Sears having died, and Betsy M. Sears having intermarried with one Bicknell, this action was brought to foreclose the mortgage, and said *Betsy M. Bicknell*, *Lowell C.* and *George Sears*, sons and only heirs at law of Silas Sears, *Luther B. Green*, guardian of said *George* (who was a minor), *Gilbert Allen*, administrator of the estate of said Silas, and *Edwin Lloyd*, were made defendants. A judgment of foreclosure and sale having been rendered, and a sale made, and the surplus moneys, amounting to $375, returned into court, an application was made to the court by the defendant *Green* as guardian of *George Sears*, and in his own behalf as assignee of *Lowell C. Sears*, for an order awarding him such surplus, or so much thereof as he might be entitled to. *Mrs. Bicknell* also applied for an order awarding the whole of such surplus to her; and accompanied her application by an affidavit, which stated that the mortgaged premises were purchased by Silas Sears with money and property received by her from her father, and which remained hers until such purchase; that said Silas held the premises in trust for her during her lifetime until just previous to his death, when he conveyed it to her by deed (executed August 1, 1859), which is attached to the affidavit; that there was a second mortgage on record, executed in January, 1858, by said Silas and the affiant to one Ring, to secure the payment of $100 in two years from the date last mentioned, with interest; that after the death of said Silas, affiant, believing herself to be the sole owner of said premises, subject to the mortgage thereon, paid the mortgage to Ring, and made

certaim improvements on the place at her own expense, the whole amounting, with the mortgage debt, to about $200 ; and that said Silas, at his death, did not own any other property except about one hundred dollars' worth of land, which had been sold by the administrator, and less than a hundred dollars' worth of personal property, and she had received no dower out of said estate.—The defendant *Lloyd* also applied to the court for an order awarding him out of said surplus $200, with interest from January 11, 1862, which he alleged were due him for money lent on that day to *Mrs. Bicknell* (then Mrs. Sears), to enable her to pay off the Ring mortgage and make necessary improvements on the premises. The petition states that the money so lent was actually applied to the purposes named, and that its repayment was secured by a note and mortgage upon said premises, executed by *Mrs. Sears* on the day the loan was made.

The circuit court made an order directing the mortgage to *Lloyd* to be first paid out of said surplus, and one-third of the balance to be paid to *Mrs. Bicknell*, and the other two-thirds to *George Sears*. From this order the defendant *Green* appealed.

*Gerrit T. Thorn*, for appellant.

*Gill & Barber*, for respondent *Lloyd*.

[The argument of counsel was directed mainly to points which it did not become necessary for the court to pass upon.]

*By the Court*, DIXON, C. J. Though void at law, an absolute conveyance of real or personal property from the husband directly to his wife is good in equity, and sufficient, so far as the form is concerned, to divest the husband of such property, and to vest the same in the wife, as against all persons save the creditors of the husband, especially when the transfer is fairly made, upon a meritorious or valuable consideration. *Wallingsford v. Allen*, 10 Peters, 583 ; *Deming v. Williams*, 26 Conn., 220 ; *Slanning v. Style*, 3 P. Wms., 334 ; *Lucas v. Lucas*, 1 Atk.,

270; *Freemantle v. Bankes*, 5 Ves., 79; *Battersbee v. Farrington*, 1 Swanst., 106; *Latourette v. Williams*, 1 Barb., 9; *Neufville v. Thompson*, 3 Edw. Ch., 92; *McKennon v. Phillips*, 6 Whart., 571; *Kee v. Vasser*, 2 Ired. Ch., 553; *Stanwood v. Stanwood*, 17 Mass., 57; *Phelps v. Phelps*, 20 Pick., 556; *Adams v. Brackett*, 5 Met., 280; *Jones v. Abenchain*, 10 Gratt., 259; *Walter v. Hodge*, 2 Swanst., 97; *Moore v. Freeman*, Bunbury, 205; *Lady Arundel v. Phipps*, 10 Ves., 146; *Shepard v. Shepard*, 7 Johns. Ch., 57; 2 Story's Eq., § 1204. The doctrine is thus stated by the supreme court in *Wallingsford v. Allen*: "Agreements between husband and wife, during coverture, for the transfer from him of property directly to the latter, are undoubtedly void at law. Equity examines with great caution before it will confirm them. But it does sustain them when a clear and satisfactory case is made out, that the property is to be applied to the separate use of the wife. Where the consideration of the transfer is a separate interest of the wife, yielded up by her for the husband's benefit, or that of their family, or which has been appropriated by him to his uses; where the husband is in a situation to make a gift of property to the wife, and distinctly separates it from the mass of his property for her use—either case equity will sustain, though no trustee has been interposed to hold for the wife's use."

In this case it appears from the petition of *Mrs. Bicknell*, verified by her oath, and which comes up to us undisputed, that the mortgaged premises were purchased by her former husband, Silas Sears, "in his own name, out of and with the funds, money and property received by her from her father, and which remained and was till such purchase her property, and that said Silas Sears held said property in trust for her during his lifetime, after the purchase thereof, until just previous to his death," when he conveyed the same to her by deed, the effect of which is the point chiefly controverted on this appeal. This is a proceeding in equity to determine the claims of the contending parties for the surplus moneys arising from

a sale of the premises under a mortgage executed and record-ed before the conveyance to *Mrs. Bicknell*, then Mrs. Sears, after satisfaction of that mortgage. Enough has already been said to show that the conveyance from Mr. Sears to *Mrs. Bick-nell*, no creditors appearing to impeach it, was valid in equity. Certainly it was executed upon a valuable and meritorious con-sideration; and as against the heirs, the appellants here, she was entitled to the whole surplus. But as she does not appeal, that error of the circuit court must remain uncorrected. But as to the mortgage to *Lloyd*, a question fairly involved in the appeal, it follows from the same view of the equitable rights of the parties, that the court was correct in awarding to him the sum found due upon it. Having an estate in equity, *Mrs. Bicknell* could undoubtedly mortgage it; and such mortgage will be sustained as a valid incumbrance by a court of equity.

The order must therefore be affirmed, with costs to be tax-ed against the appellants and in favor of the defendant *Lloyd.*