## SUPREME COURT.

MARY C. KETELTAS agt. EUGENE M. KETELTAS and HENRY W. CLARK, as executors of the last will and testament of WILLIAM A. KETELTAS, and others.

*Will — Action to obtain construction of.*

A widow can maintain an action to obtain a construction of her husband's will.

*New York Special Term, March,* 1877.

IN February, 1873, the testator made his last will and testament, and, after providing for certain legacies, he directed his executors to pay and divide the residue of his estate as mentioned in the opinion of the court. On the 24th of October, 1875, the plaintiff and deceased were married. The testator died in January, 1876, leaving real property of the value of $100,000, and $150,000 in personal estate. The executors claim that, by the will of the testator, the plaintiff, his widow, is not entitled to any share in the personalty. She instituted this action for a construction of the will. The defendants demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action.

*S. P. Nash,* for defendants, in support of demurrer, cited *Chipman* agt. *Montgomery* (63 *N. Y. R.,* 221); *Bailey* agt. *Briggs* (56 *id.,* 407).

*C. Bainbridge Smith,* for plaintiff, opposing, cited *Cotton* agt. *Cotton* (2 *Beaven,* 67); *Bowers* agt. *Smith* (10 *Paige,*

190); *Bailey* agt. *Briggs* (56 *N. Y. R.*, 407); *Kiah* agt. *Grenier* (1 *N. Y. S. C.*, 388; *affirmed*, 56 *N. Y. R.*, 220); *Stagg* agt. *Jackson* (1 *id.*, 206); *Mannice* agt. *Mannice* (43 *id.*, 304); *Walworth* agt. *Handy* (24 *How. Pr.*, 353).

VAN BRUNT, *J.* — This is an action brought to obtain the construction of the will of William A. Keteltas, deceased, which will was executed on the 10th of Februry, 1873. On the 24th of October, 1875, the complaint alleges that the plaintiff and the deceased were married.

By the ninth clause of his will the testator directed his executors, after the payment of certain legacies, to apportion, divide and pay the rest, residue and remainder of his estate to, between and among his next of kin, according to the statute of the state of New York now in force concerning the distribution of personal estate of intestates, in like manner as though he had died intestate.

The complaint in this action is filed to have the court determine as to whether or not the plaintiff, as such widow, is entitled to any portion of the residuary estate. The defendants demur, upon the ground that the complaint does not state facts sufficient to constitute a cause of action. It is urged, upon the part of the defendants, that actions for the construction of wills can only be maintained by trustees and persons occupying a similar position, and cites, as authorities for this position, the cases of *Chipman* agt. *Montgomery* (63 *N. Y. R.*, 221), and *Bailey* agt. *Briggs* (56 *N. Y. R.*, 407). These cases, it seems to me, fail to establish the position claimed by the defendants. They expressly recognize the right of a *cestui que trust* or person interested in a will to move the court, as well as an executor or trustee, for a construction of a doubtful or disputed clause in a will. If the plaintiff is interested under the will she, therefore, has a right to maintain this action. It is true that the whole question as to her right under the will might have been presented upon the demurrer, but as those questions were not argued I shall not

discuss them; but I must dispose of the demurrer, assuming that the plaintiff is interested under the will.

I think the authorities cited clearly show that the right to maintain an action for the construction of a will is not confined to executors or trustees, but extends to every person having an interest under the will. The case of *Chipman* agt. *Montgomery*, upon this point, only decides that an action cannot be maintained for a construction of a will by parties claiming in hostility to it.

The demurrer must be overruled and defendants have leave to answer upon payment of costs.