Van Vorst, J.
This is an action brought by Mary E. E. Duncan against John Duncan and others, for the construction of the will of Alexander Duncan, deceased, who died seized and possessed of real estate in the cities of New York and Brooklyn.
The plaintiff, who is a daughter and only child of the deceased, is a devisee under the will.
*276 The question sought to be determined in this action is, what estate in the realty does the will create in the plaintiff %
The will gives the income of one-half of all the real estate of which the testator died seized, to his wife Sarah Duncan, during her natural life, or as long as she should continue to be the widow of the testator, and upon the death of his widow unmarried, all the real estate, with all the profit and accumulations, it is declared, “shall be the property of the testator’s daughter,” the plaintiff, which in such contingencies is given and devised to her, to be possessed and enjoyed by her when she shall attain her majority. The testator further declares, that at the death of his daughter, “should she die married, and have issue, then I devise and direct, that the said estate and its accumulations and profits, be equally divided thus : one-half thereof to the lawful issue of my daughter, to be divided to and among them, share and share alike, and the remaining moiety or half part thereof to be divided between the lawful heirs of my brother, John Duncan, share and share alike.”
No question arises with regard to the personal es7 tate, which has been fully administered.
The widow of the testator has elected to take her dower in the real estate, and no question is raised as to her rights. She is not a party to the action.
The claim of the plaintiff is, that all that portion of the will which provides that at the death of the plaintiff, married, the estate and its accumulation be divided among her issue and the heirs of the testator’s brother John Duncan, is illegal and void, and that an estate in fee simple absolute is vested in the plaintiff, of, in and to till the real estate whereof her father died seized and possessed, and that certain moneys, the surplus proceeds arising on the sale of a portion of the real estate whereof her father died seized, and which *277 are now deposited in court, be regarded as real estate, and that as such the plaintiff is entitled thereto.
The children of John Duncan are made parties defendants, and it is alleged that they claim to have a vested future estate in the testator’s real estate.
The plaintiff’s claim is interposed through her counsel in two aspects.
First. That by force of the will itself the devise to her is of an absolute fee in the real estate, and that her right to such estate is wholly unaffected by the clauses devising over to the heirs of John Duncan and her own issue.
It is further insisted, on the plaintiff’s behalf, that the devise to her carries the absolute fee, and that it was the manifest intention of the testator to give her the fee absolutely.
That should the plaintiff die unmarried or without lawful issue, the devise over would fail, and an intestacy would result; and that such consequence should determine the construction in favor of herself. And second, in opposition to the will, it is claimed that the devise over to the heirs of John Duncan is void, it being, as is urged, a remainder limited upon the lives of three persons, Sarah, Mary and John Duncan, severally, and is an attempt to suspend the absolute power of alienation for more than two lives in being at the death of the testator.
It appears to me that authority is clearly against the right of the plaintiff to maintain this action in equity, for the construction of her father’s will, whether her claim be advanced under or in opposition to the will.
The will creates no trusts in respect to the real estate in the executors or others.
Courts of equity have jurisdiction, in cases of trust, and over actions commenced by trustees or cestuis que trust, when it becomes necessary to settle and *278 determine questions involving the construction of trusts under a will. In Bowers v. Smith (10 Paige, 200), the chancellor says, “ I am not aware of any case in which an heir at law of a testator, or a devisee, who claims a mere legal estate in the real property, when there was no trust, has been allowed to come into a court of equity for the mere purpose of obtaining a judicial construction of the provisions of a will.”
The decision of legal questions belongs to courts of law, to be raised in an appropriate action, except when they arise incidentally in the legitimate exercise of the powers and jurisdiction of a court of equity.
I am not aware that the authority of Bowers v. Smith has been questioned; it has been repeatedly approved and followed. In Bailey v. Briggs (56 N. Y. 407) it is stated, in substance, that jurisdiction is entertained in equity to give construction to a doubtful or disputed clause in a will, when the court is moved in behalf of an executor, trustee, or cestui gue trust, the jurisdiction in such case being incidental to that over trusts (Sutherland v. Ronald, 11 Hun, 238). In so far as the plaintiff seeks to overthrow the portions of the will in favor of the heirs of John Duncan, she claims in opposition to the will; and Chipman v. Montgomery (63 N. Y. 221) is clearly against the right of the plaintiff to maintain this action. Keteltas v. Keteltas (53 How. Pr. 65), in which Justice Vast Bkunt upheld an action in favor of the widow to obtain a construction of her husband’s will, is not opposed to the conclusion now reached.
In that case the action was by the widow against the executors under her husband’s will. In such case, where the executor takes the legal estate in the personal property, he does so for the legatees or next of kin. Executors are trustees. Justice Vaít Bbtot held the widow to be a cestui gue trust. In such case an action will lie in favor of the cestui gue trust against the *279 executors, to have the construction of the will settled so as to obtain a judgment against the executors for such portion of the estate as the party claiming is entitled to have (Bowers v. Smith, supra). But no relation of trustee and cestui que trust exists between the parties to this action, nor is the subject of litigation a trust.
The executors under the will of the father of the plaintiff are not parties to the suit, nor is there any reason why they should be.
They have no interest or estate in the question or property. The defendants have not received any portion of the estate, and hold no money or property in which the plaintiff is interested. It appears to me that the plaintiff’s legal right and title to the property in question must be determined in an appropriate action or proceeding for the purpose.
A jurisdiction which this court exercises with respect to trusts, cannot be invoked to uphold an action for recovery of money or property, which oh principle and authority must be determined in another forum.
The plaintiff’s complaint must therefore be dismissed, but without costs.