*Deputy sheriff; his power to act after resignation of sheriff*

That the office of a deputy sheriff is vacated by the resig* nation of the sheriff; and that to enable a deputy *rightfully* to discharge the duties of the office under the person upon whom the duties of sheriff devolve, upon his resignation, (i. e. the under sheriff,) a new appointment must be made by the under sheriff, and recorded in the county clerk's office; and the deputy must be resworn.

*Officers de facto, and de jure.*

That where there is but one office there cannot be an officer *de jure* and an officer *de facto*, both in possession of the office at the same time.

That where an under sheriff is in the rightful possession of the office of sheriff, a *de facto* deputy of the former sheriff cannot legally levy an execution. But that to make such levy valid as to third persons it must appear he was *de facto* in the exercise of the office of a deputy of the then acting sheriff.

Decree declaring assignment void as against complainants, so far as relates to the real estate upon which they had a lien or would have had a lien but for the assignment, and which had not been conveyed to a bona fide purchaser at the time of docketing their judgment. As to the rest of the property bill dismissed without prejudice &c. No costs to either party.

*Franklin Whiting* v. *John Semler et al.* H. H. BURLOCK, for complainant; HARRIS WILSON, for defendants.

Decree appealed from reversed with costs, and a decree directed to be entered declaring the bill of sale and the deeds from Semler to Newman fraudulent and void as against the complainant; and decreeing payment of the complainant's debt, with interest and costs, out of the surplus proceeds of the premises, which have been paid into court; with liberty to complainant to apply for further directions, if necessary.

*Robert Cole* v. *John Hallenback et al.* S. STRONG, for complainant; E. DANA, for defendant Hallenback.

Decree of the vice chancellor affirmed, without costs to either party; and proceedings remitted.

*Josiah Bowers and wife* v. *Loranna Smith et al.* M. S. BIDWELL, for complainants; GEORGE WOOD, for the defendants. Bill to obtain a construction of the will of Elias Smith,

*Jurisdiction in settling the construction and validity of wills.*

deceased. The chancellor observed as follows, in relation to the power of the court in settling the construction and passing upon the validity of wills: "The bill in this case appears to have been filed upon the supposition that it is a part of the established jurisdiction of the court of chancery to settle all questions which arise as to the construction and validity of the provisions of a will of real estate as well as of personal property. This court has jurisdiction in cases of trust. And the executor always takes the legal title to the personal estate of the testator as a trustee. For so far as the provisions of the

will are valid he holds the property in the character of trus=tee for the persons to whom it is bequeathed. And if there is any part of such property or any interest therein, which is not legally and effectually disposed of by the will, he holds it as trustee for those who are entitled to it under the statute of distributions. Any person claiming an interest in the personal estate of the testator, therefore, either as a legatee under the will or as entitled to it under the statute of distributions, may file a bill against the executors to settle the construction and ascertain the validity of the provisions of the will, so far as the complainant's interest is concerned ; and to enable him to obtain from the executors such portions of the estate as he is either legally or equitably entitled to. So also, if the real estate of the testator is devised to a trustee, upon trusts, some of which are valid and others invalid, there is a resulting trust in favor of the heir at law ; where his interest is not turned into a legal estate under the provisions of the revised statutes. The *cestui que trust* in such cases also, may file a bill in this court to have his rights as *cestui que trust* in the estate settled and ascertained; and the trusts of the will carried into effect so far as they are valid and effectual. And where there is a mixed trust of real and personal estate it frequently becomes necessary for the court to settle questions as to the validity and effect of contingent limitations in the will to persons not in esse; in order to make a final decree in the suit and to give the proper instructions to the executors and trustees in relation to the execution of their trust. But I am not aware of any case in which an heir at law of a testator, or a devisee of a mere legal estate in the real property of the testator, and where there was no trust, has been allowed to come into a court of equity for the mere purpose of obtaining a judicial construction of the provisions of the will. On the contrary the decision of such legal questions belongs exclusively to the courts of law, except where they arise incidentally in this court in the exercise of its legitimate powers ; and where the court has obtained jurisdiction of the case for some other purpose."

Decided that husband and wife ought not to join as co-plaintiffs in a suit relating exclusively to the wife's separate property ; such suit being considered as the suit of the husband, and as being instituted and prosecuted by him and under his influence ; but that in such a case the wife should sue by her next friend, and make her husband defendant.

Suits relating to wife's separate property ; how to be brought.

That the objection that the husband is not the proper party to file a bill for his wife's separate estate will be waived if the defendants answer the bill without raising the objection.

Objection for defect of parties ; how waived.

Bill dismissed with costs, but without prejudice to the rights of any of the parties in any future litigation.