DAVID FOSDICK, JR. *vs.* SAMUEL W. FOSDICK & others.

A testatrix whose daughter and children of the daughter survived her bequeathed the residue of her estate to trustees, with directions that they should invest and accumulate it until her youngest grandchild should, if living, attain the age of twenty-one years, and then pay over annually the income thereof to her grandchildren in equal shares during the lifetime of the longest liver of them, and afterwards distribute the principal among their heirs at law, with provisions in case of the previous death of any of the grandchildren. After the death of the testatrix, her daughter gave birth to another child. *Held,* that the disposition of the principal and income of the trust fund was void, as being too remote and tending to create a perpetuity; that the directions to invest and accumulate the estate must fall with the disposition of the trust fund; and that the whole residue must be treated as intestate property.

MERRICK, J.* This is a bill in equity brought by the plaintiff as executor and trustee under the will of Mary Woodbury, to obtain the instructions and directions of the court in relation to his duty in the execution of a trust, and as to the proper and legal management, disposal and distribution of that portion of the estate of the testatrix which shall be and remain in his hands after the payment of all the legacies and bequests concerning which there is no dispute or conflict of claim.

The will was made January 10, 1857, and the testatrix died October 3, 1860. Her daughter Mary L. Fosdick, who was her only child and heir at law, and then the wife of the plaintiff, survived her, having six children, one of whom was born after the making of the will. On the 4th of November 1860 she gave birth to another child, named Sarah Woodbury Fosdick; and she herself died on the 25th day of the same month of November. All of her said children are still living.

The testatrix appointed David Fosdick, Jr., the plaintiff, and her brother Samuel Lawrence to be executors of the will, and in the residuary clause of it gave, devised and bequeathed to them all the rest and residue of her estate, to hold the same in trust, with directions to place and keep the same placed out at interest, on good and sufficient security of bonds, or notes and mortgages; and out of the interest or income of the trust fund or

---

* This case was argued in January 1862.

estate to pay annually the sum of seventy-five dollars towards the support and maintenance of her sister-in-law Lydia Woodbury, who is insane; also to pay annually the interest or income of five thousand dollars to the said David Fosdick, Jr., during his natural life, and afterwards, if she should survive him, to his wife, the said Mary L. Fosdick, during the remainder of her life.

In describing the further trust upon which the bequest to the executors was made, the testatrix adds : " All the rest and residue of the interest and income which may from time to time arise or accrue from the estate given in trust as aforesaid, the said David and Samuel, trustees aforesaid, and their successors, are directed to retain and place and keep the same placed out at interest, on good and sufficient security as aforesaid, in order that said trust fund or estate may accumulate until my youngest grandchild may, if living, attain the age of twenty-one years; then said trustees are directed to pay over annually to my grandchildren, in equal shares, all the annual interest and income of said trust fund or estate which is not hereinbefore specifically disposed of."　She then orders and directs to whom the share of the income thus to be paid to each of her grandchildren shall be paid in the case of their deaths, respectively, and further orders and directs that this interest and income shall continue so to be paid " during the lifetime of the last survivor of my grandchildren ; " and she concludes by directing that " upon the decease of the last survivor of my said grandchildren, it is my will and I hereby order that said trust fund or estate, together with any increase and income thereof, shall be equally distributed among the legal heirs of my several grandchildren, and the surviving wives or husbands of my several grandchildren, if any such there be, share and share alike; and I hereby order said trustees to pay over the same to my said heirs, and any such surviving husband or wife of my several grandchildren, accordingly, share and share alike."

The question which arises upon these provisions of the will, and in relation to which the plaintiff seeks for the instruction and direction of the court, is, whether these several bequests of

the interest and income of the accumulated fund to the grand children of the testatrix, and to the several persons who are to receive it, in case of the death of any one or more of them, until the death of the last survivor of the grandchildren, and of the fund itself to the persons described after the occurrence of that contingency, are void as being too remote and in violation of the rule against perpetuities.

This rule is imperative and perfectly well established. An executory devise either of real or personal estate is good, if limited to vest within the compass of a life or lives in being, and twenty-one years afterwards ; adding thereto, however, in case of an infant *en ventre sa mere,* sufficient to cover the ordinary time of gestation of such child. But the limitation, in order to be valid, must be so made that the estate, or whatever is devised or bequeathed, not only may, but must necessarily, vest within the prescribed period. If by any possibility the vesting may be postponed beyond this period, the limitation over will be void. And whenever there is a limitation over which cannot take effect by reason of its being too remote, the will is to be construed as if no such provision or clause were contained in it ; and the person or persons otherwise entitled to the estate or property will take it wholly discharged of the devise, bequest and limitation over. *Sears* v. *Russell,* 8 Gray, 97. *Brattle Square Church* v. *Grant,* 3 Gray, 142. If therefore it be found, upon examination of the provisions of the will of Mrs. Woodbury, that the bequeathed shares and portions of the interest or income of the accumulated fund therein required to be created, and also of the accumulated fund itself, may by possibility not vest in the legatees or beneficiaries to whom they are respectively given within twenty-one years and ten months after a life or lives in being, then the limitation over is too remote, and the bequests are void.

When there is a bequest to a class of persons, as to the children or grandchildren of the testator, and he fixes a time for the distribution of the fund bequeathed, in such way and manner as to admit of the participation in it of all the children that a particular person may have, whenever born, then the after born children, that is, born after the death of the testator, will be

entitled to share as legatees with the others in the fund. Thus, if the bequest be to all the children of B., to be paid when the youngest attains the age of twenty-one years, this is a postponement of the period of distribution until the youngest child which B may have shall arrive at that age, and necessarily and properly lets in all the after born children of B. as legatees. 1 Roper on Leg. 47. 2 Jarman on Wills, 78. This rule in relation to the construction of wills appears to be affirmed without exception by all the authorities. *Hughes* v. *Hughes,* 2 Bro. C. C. 434. *Annable* v. *Patch,* 3 Pick. 360. *Weston* v. *Foster,* 7 Met. 297. *Hubbard* v. *Lloyd,* 6 Cush. 522.

Now in recurring to the will of Mrs. Woodbury, it is seen that she bequeathed in equal shares to her grandchildren, or, in case of the death of any one or more of them, to other persons particularly described, in their stead respectively, all the income which, during the life of the survivor of them, may accrue upon the fund to be accumulated by the trustees according to the specific directions for that purpose given them, and also, upon the decease of the last of said survivors, the fund itself, to the legal heirs and the surviving husbands and wives of the several grandchildren, share and share alike. These bequests are given to the legatees in each of these cases as a class of persons particularly described. And the respective periods of time when the distribution of the income to be derived from the accumulated fund shall commence, that is to say, the time before the arrival of which no part of such income shall be paid to or received by any of the persons entitled thereto, and when the accumulated fund itself shall be paid over to the legatees to whom it is given, are carefully and definitely fixed and prescribed by the testatrix. It follows therefore, as a necessary consequence from the rule and principle of law in the construction of wills above stated, that any grandchild born after her decease would be entitled to be let in, and to share equally with the others, in such income, as one of the legatees. And as at her decease her daughter, Mrs. Fosdick, was living and might, as she in fact did at a subsequent time, give birth to a child, who would thereupon become a legatee, and as the trustees

were to continue to accumulate the fund until such child, if living, should arrive at the age of twenty-one years, it is obvious that all the bequests are limited over a life or lives then in being, namely, the lives of all the grandchildren living at the decease of the testatrix, to certain described legatees in whom the same would become vested, and to whom the same would be payable at future indefinite periods of time, which periods can be ascertained and determined only upon the actual occurrence of the prescribed contingencies. All these contingencies may be, and in the will are, definitely and exactly described, so that when the events occur they may be certainly known. And that the lives of those grandchildren constitute the lives in being which are to precede the commencement of the term of twenty-one years and ten months after the death of each and all of them is apparent from the consideration that if any or all of them should die before any part of said accumulated fund or of the interest and income thereof becomes distributable, the legacies do not vest in any such deceased grandchild or in their heirs, but are in that event given over and bequeathed to certain other persons particularly designated and described, who will not take any share or portion thereof as heirs at law, or by descent under the statute of distributions, but directly under the will as legatees. It is immaterial at what time Mrs. Fosdick, after giving birth to a child subsequently to the decease of the testatrix, may die, or how long she may live, for the vesting of the legacies does not depend at all upon the termination of her life. They are to become vested at a certain fixed period after the youngest grandchild shall attain to the age of twenty-one years ; so that such vesting cannot be affected by her death, whether it shall occur before or after that time. The trustees are to keep in their hands all the estate not otherwise specifically disposed of safely secured on interest, until the youngest grandchild shall attain to the age of twenty-one years. The accumulated fund, therefore, from which an income is to be derived by the trustees may not be created and established until twenty-one years from and after the birth of the grandchild born after the death of the testatrix. The fund being then established, the "annual" interest and

income of it is to be " annually " paid over to and received by the respective legatees, according to the terms of the several bequests and of the express provisions in the will. It is a necessary and inevitable implication from these provisions concerning the annual payment of the annual interest and income of the accumulated fund, that no portion of it will or can become payable to any one of the legatees until the end of one year after the fund itself is created and established; for no annual interest can before that time have accrued upon it. And until that time it is impossible that any part of such income can become legally vested in any one to whom any portion of it is bequeathed, because until the arrival of that time it is and must remain uncertain who are the legatees who will then be entitled to receive it; for according to the provisions in the will the share or portion which each one of the grandchildren would, if living, be entitled to receive is, upon his or her death, bequeathed and to be paid either to the surviving brothers and sisters, or the surviving wife or husband, or the children, or the appointees under the will of the deceased, as certain particularly enumerated and prescribed events and contingencies shall or shall not occur. Thus it may happen that the earliest possible time when any portion of the interest or income of the accumulated fund can become vested in any one of the legatees may be twenty-two years after the birth of a child born after the death of the testatrix; and the end of this term of twenty-two years may be more than twenty-one years and ten months after the extinction of all said lives in being, that is, after the death of all of said grandchildren who were living at the time of the decease of the testatrix. For it certainly was possible that all those grandchildren might die either before the birth of the after born child of Mrs. Fosdick, or so soon after that event that there would remain, after the day of the death of the last survivor of them, more than twenty-one years and ten months to the end of said twenty-two years, which is at once seen to be a limitation over of the bequests of the income of the accumulated fund which is too remote, and of greater extent and duration than the law allows, and which therefore necessarily invalidates all the legacies and bequests to

which it is applicable. It is entirely immaterial that the occurrence of the death of each and of all these persons at such early time or times is extremely improbable. It is enough that it is possible that it should be so ; for by the fixed and imperative rule of law, all legacies and bequests which will not necessarily, or which by mere possibility may not, become vested within the prescribed period of time after the extinction of preceding lives in being, are invalid and void.

Every person of full age and sound mind may dispose of his real and personal estate by his last will and testament. Gen. Sts. *c.* 92, § 1. But the right to make such testamentary disposition is not absolute and unlimited; but is subject to all the regulations, restraints and control imposed upon its exercise by positive enactments of the legislature, and also by the rules and principles of the common law which remain in force. Any provision which a testator may make in violation of such prescribed and existing rules and regulations is unauthorized and illegal; and his will is to be construed as if nothing of that kind were contained in it; and all of his estate which is not disposed of under such a construction of his will descends to and becomes distributable among his heirs at law and next of kin, under the provisions of the statutes, in the same manner as if he had died intestate. Gen. Sts. *c.* 92, § 1.

Applying these principles to the provisions in the will of Mrs. Woodbury, the conclusion is direct and obvious. It has been shown that all the bequests made by her of the income and interest of the accumulated fund are void, because they are in violation of the rule against perpetuities. This objection to the several bequests of the principal from which such income and interest are to be derived, that is, of the fund itself, is equally conclusive ; for as none of those legacies is to become vested until after the death of the last surviving grandchild, it may happen that an after born child of the daughter of the testatrix shall survive for many years beyond the time when any part of such income and interest shall first become payable ; and hence it follows that all the gifts and bequests of the rest and residue of her estate, except those in relation to the annuities to be paid

to Mr. Fosdick and for the benefit of Lydia Woodbury, being inoperative and void, all that part of the estate remaining in the hands of the trustees, and which is not required for the payment of those annuities, descended as intestate estate to her daughter, Mrs. Fosdick, as her heir at law; and as it consisted wholly of personal property, and as she made no will, the plaintiff as her husband became entitled upon her death to the whole of it as his own. Gen. Sts. *c.* 94, § 16. He has been duly appointed administrator of her estate, and is now the sole trustee under the will of Mrs. Woodbury, Mr. Lawrence, the other trustee named by her, having declined the trust; and he has the whole of said trust estate in his possession, and holds it as his own, subject only to the due execution of the trust in reference to the annuity given for the benefit of Lydia Woodbury; for it would be absurd to say that he held his own property in trust to pay the income of a part of it to himself.

It has been urged by the counsel for the respondents, that although the bequests of the income and principal of the accumulated fund provided for in the will may be all void as being in violation of the rule against perpetuities, yet that the direction for the accumulation which is not in any event to extend beyond twenty-one years after the extinguishment of the life of Mrs. Fosdick is valid, and creates a resulting trust in favor of the heirs at law of the testatrix, which should be upheld and administered for their advantage. But no such trust was created or intended to be created by her. Her bequests were such that large portions of the income and all of the principal of the accumulated fund might be wholly diverted from the heirs at law, and go to the husbands and wives of the grandchildren. The accumulation directed by her was not intended to be and cannot be construed or treated as an independent provision for the benefit of the former; but the whole scheme was strictly subservient to the other purposes declared in her will, and was contrived and arranged merely for their accomplishment. And since it is found that the bequests are illegal and void, everything which was auxiliary to and designed to carry into effect the provisions of the will in relation to them must also be

considered as unauthorized and inoperative. In the cases cited by the counsel for the plaintiff, the rule seems to be fully and clearly affirmed, that where the trust cannot be sustained, the direction for investment and accumulation necessarily falls with it, and the property will then vest at once in the heir at law or next of kin. Such seems to be an obvious, reasonable and necessary conclusion from the principle that if the devise or bequest is void it shall be wholly disregarded, and the party otherwise entitled to the estate shall take and receive it in the same way and with the same rights as if no such testamentary disposition had been attempted. And therefore an order for the accumulation of a fund which the law will not allow to be distributed according to the terms of an unauthorized and illegal bequest, will not be allowed to stand in the way of heirs at law, or of any other party, entitled to present and immediate possession.

The bill is accordingly to be disposed of by entering a decree to this effect.

*S. Bartlett & W. Warren, Jr.*, for the plaintiff, cited *Lorillard* v. *Coster*, 5 Paige, 172; *Hawley* v. *James*, Ib. 318, 442, 468, 486; *Wood* v. *Wood*, Ib. 596; *Bowers* v. *Smith*, 10 Paige, 193, 199; *Brattle Street Church* v. *Grant*, 3 Gray, 142; *Newman* v. *Newman*, 10 Sim. 51; *Tregonwell* v. *Sydenham*, 3 Dow, 194; Lewis on Perp. 169, 420, 458, 586; 1 Jarman on Wills, 233, 234; Hill on Trustees, 45, 135; *Treadwell* v. *Cordis*, 5 Gray, 341.

*L. Shaw*, for the defendants. Even if the provisions for the distribution of the principal and income of the trust fund are void, the provision directing an accumulation, to continue only during the lifetime of the daughter of the testatrix, which was a life in being at the time of her own death, and until the youngest child of that daughter shall attain the age of twenty-one years, is valid. And as it is the duty of the plaintiff, under this provision, to accumulate the income as trustee, the law will not permit him to hold it for his own benefit, but will create a resulting trust for the benefit of the heirs at law of the testatrix. Hill on Trustees, 134, 135. *Tregonwell* v. *Sydenham*, 3 Dow 194.

It is contended that this provision cannot be considered as a distinct and independent direction, but that it is so connected with the further provisions as to the distribution that all must stand or fall together. The provision is capable of either construction; but in deciding which of the two to adopt, the true test is to ascertain the probable intention of the testatrix. And it is clear that her main object was to provide for the mature life of her grandchildren. If the provision to accumulate is declared void, the will is annulled; but if sustained, the wishes of the testatrix will be substantially though not precisely carried into effect.