Mr. Justice GrRIEB
delivered the opinion of the court:
The bill alleges that the trusts declared in the will are all void, because of the alienage of Mrs. De Valle and her children, and prays that the trustees may be ordered to convey *13 to the complainant as one of these numerous contingent remainder-men who is not an alien; or that the estate he conveyed to the heirs at law of the testator. As it is not alleged that the complainant is one of these heirs, it is not easy to apprehend on what grounds he claims as an alternar tive remedy that the court- should decree in favor of those who claim adversely to himself. Perhaps it was to favor the attempt to give jurisdiction to the court to declare the future rights of the parties by converting an original into a cross-bill.
That an alien may take by deed or devise, and hold against any one but the sovereign until office found, is a familiar principle of law, which it requires no citation of authorities to establish. Nor is it affected by the fact that a statute of Rhode Island will permit aliens to take a license to purchase, which will protect them even as against the State; nor by the fact that a chancellor may not entertain a bill by an alien to enforce a trust, which, if conveyed to him, might immediately escheat to the crown.
Now, as the court rightly decided that Mrs. De Yalle took an equitable life-estate by the will, defeasible only by action of the sovereign, Cross was in no situation to call upon the court to declare the fate of these numerous contingent remainders.
1. For if the remainders were void because of remoteness and tending to a perpetuity, his own remainder fell with the others.
2. And if declared to be valid, not only the six children of Mrs. De Yalle, who are parties to the suit, but possibly and before her death there might be six more, not now in esse, who would be entitled to come in before him.
3. The bill demands no such declaration of future rights, nor does it suggest how it could be done, or any sufficient reason why the court should pass upon the rights of persons not in esse.
4. The bill charges no fault to the devisees except alienage, and before any of the contingencies happen the party entitled to take may be a citizen and capable of taking and holding the estate. In fact, one of the children of defendant was *14 born in Rhode Island, and therefore is as capable of talcing as Cross.
The decree of the court was final and complete as to the ease made by the complainant’s bill. If the decree had been against Mrs. De Valle, and she had been held incapable of taking, then the heirs might well say, that in such a case the estate should be conveyed to them, and not to Cross, and have their cross-bill for that purpose. But the decree being in favor of Mrs. De Valle, and the bill dismissed, the cross-bill must have the same fate with the original. A cross-bill “ is a mere auxiliary suit, and a dependency of the original.” “ It may be brought by a defendant against the plaintiff in the same suit, or against other defendants, or against both, but it must be touching the matters in question in the bill; as where a discovery is necessary, or as where the original bill is brought for a specific performance of a contract, which the defendant at the same time insists ought to be delivered up and cancelled; or where the matter of defence arises after the cause is at issue, where in cases at law the defence is by plea puis darrein continuance.” The bill filed by the heirs is for an entirely different purpose from that of Cross. It called upon the court to decree on the future rights of their co-defendants and others not in esse, and decree the limitations on the life-estate to be void as tending to a perpetuity. This would be introducing an entirely new controversy, not at all necessary to be decided in order to have a final decree on the case presented by the original bill.
As an original bill the court might properly refuse to consider it. First, on account of the parties, and secondly, on account of the subject-matter.
The bill is filed in Rhode Island. All the complainants are citizens of States other than Rhode Island or Louisiana, while one of the defendants, Cross, is a citizen of the State last named, and not commorant in Rhode Island. It was admitted that this objection was conclusive, if the bill was an original. The second objection is equally conclusive, whether it be called a cross-bill or an original. A chancellor will not maintain a bill merely to declare future rights. The *15 Scotch tribunals pass on such questions by “ declarator,” but the English courts have never assumed such power.* In Langdale v. Briggs,† Lord Justice Turner remarks: “As long as I have known this court, now for no inconsiderable period, I have always considered it to be settled that the court does not declare future rights, but leaves them to be determined when they may come into possession. In all cases within my experience, where there have been tenancies for life with remainders over, the course has been to provide for the interests of the tenants for life, reserving liberty to apply upon their death.”
A remainder-man may have a decree to protect the estate from waste, and have it so secured by the trustee as to protect his estate in expectancy. The court will interfere under all needful circumstances to protect his rights, but such cases do not come within the category of mere declaratory decrees as to future rights.
There is also a class of cases in which recommendations or requests in a will to a devisee or legatee have been construed as cutting down an absolute fee into an estate for life, with an equitable remainder to the person indicated by the testator in his request. In such cases the court will entertain a bill during the life of the first taker to have the right of the claimant in remainder established. Nor do these cases infringe upon the doctrine we have stated as to mere declaratory decrees concerning future contingent executory estates.
But there is a class of cases which are exceptions to this rule, and being exceptional, only tend to prove the rule. The New York cases of Lorillard v. Coster, and Hawley v. James,‡ cited by the counsel of the heirs at law, are of this character. There the bills were filed by the executors or trustees for their protection, and that they might have a construction of the will, and the direction of the court as to the disposition of the property. In such cases, from necessity, and in order to protect the trustee, the court are compelled to settle questions as to the validity and effect of contingent limita *16 tions in a will, even to persons not in esse, in order to make a final decree and give proper instructions in relation to the execution of the trusts.* It is this necessity alone which compels a court to make such cases exceptions to the general rule. But in the present case no such necessity exists. The court is not called upon to make a scheme of the trusts, nor could they anticipate the situation of the parties in the suit, or those who may be in existence at the death of Mrs. De Valle. The court has no power to decree in ihesi, as to the future rights of parties not before the court or in esse.
Decree affirmed with costs.

 Grove v. Bastard, 2 Bhillips, 621.

 39 English Law and Equity, 214.

 5 Baige, 172, 442.

 See Bowers v. Smith, 10 Paige, 200.