Folger, J.
To legal apprehension, the first view of the complaint would indicate that the action was brought, to’ obtain the judicial construction of a clause in a last will and testament devising real estate. It avers an interest in the lands, in the plaintiff; it sets out the will under which he holds that interest; it avers that some of the defendants claim' an interest in the same lands under the same will; that there is a diversity of opinion between the plaintiff and the defendants, in relation to the construction of the devise, and the intention of the testator thereby; and the prayer of the complaint is for a construction, by the court, of the clause in the will on which the plaintiff’s right depends, and a judgment in favor of a title in fee in the plaintiff thereby.
But the complaint does not state facts which will give jurisdiction to a court of equity to entertain the case as one asking for a construction of a will. It is when the court is moved in behalf of an executor, trustee or cestui que trust,, and to ensure a correct administration of the power conferred by a will, that jurisdiction is had to give a construction to a doubtful or disputed clause in a will. The jurisdiction is incidental to that over trusts. There is nothing of that sort here. The title and possession of the plaintiff is purely a legal one. The title of the defendants, if they have any, is of the same kind. There is no trust to be enforced, nor a trustee to be directed. (Bowers v. Smith, 10 Paige, 193.)
Nor was the action instituted under the provisions of the Revised Statutes for the determination of claims to real property, as amended by subsequent enactments. (2 R. S., p. 312; Laws of 1848, chap. 50; Laws of 1854, chap. 116; Laws of 1855, chap. 511; Laws of 1860, chap. 173 ; Laws of 1864, chap. 219 ; Code, § 449.)
1st. It is brought against infant defendants. The statutes do not authorize this. The Code, section 449, permits the prosecution by action, of proceedings to compel the determination of claims to real property. But they must be in pursuance of the provisions of the Revised Statutes. The only change effected by this section of the Code, is that the pro *414 eeedings are carried on by complaint and answer and otherwise as in an action, so far as the form and manner of proceeding is concerned. The substance of the proceeding is the same. (See Austin v. Goodrich, 49 N. Y., 266; Brown v. Leigh, id., 78; Burnham v. Onderdonk, 41 id., 425.)
2d. 'It does not allege that the defendants unjustly claim title to the premises. (R. S., supra, § 2, subd. 4.) This is a requirement of the statute as potent as any other. The plaintiff insists that, having alleged the facts on which depends his own title, be that for life or in fee, and having claimed for himself a title in fee, and having alleged that the defendants claim a title in fee, subject to a life estate, he has shown the facts from which results the conclusion that they unjustly claim title to the premises. Was this so, as a result from a positive and unconditional averment, it is not so from the averments of this complaint; for the plaintiff further avers that he is in doubt as to the fee being vested in him, and shows that it depends upon the construction to be given to the words of devise in the will, and the conditions and contingencies therein, and asks that the doubt may be set at rest by a construction to be given by the court. If he is in doubt, can he be said to aver that the defendants unjustly claim a fee subject to a life estate ? Is it he or they who unjustly claim ? He does not state it with positiveness.
3d. It does not pray judgment, nor otherwise notify the defendants, nor apprize them in any way, that unless they appear and assert their claim they will be forever barred. (Id.) On the contrary, the prayer for judgment is for a construction of certain clauses in the will, under which both the plaintiff and the defendants claim title from the same testator, and asks that there be a construction thereof. There is also the prayer for alternative relief. But that is not the explicit notice required by the statute; nor does it characterize the action and the complaint, as would a specific prayer for judgment, in accordance with the provisions of the statute.
4t.h. The grantor of the plaintiff, Mrs. Southwick, is also made a party defendant. But there is no allegation in the *415 complaint which shows any necessity or propriety in making her a party if it is a proceeding under the statute.
Nor is it an action properly brought against the defendants under the act, chapter 238 of the Laws of 1853 (p. 526). That is an act relative to disputed wills. The will here is not disputed. All parties assert its genuineness, its proper execution, its entire validity, and that the premises are devised by it, and must be held by virtue of it. The defendants concede that, by reason of its provisions, and by the deed from Mrs. Southwick, as devisee under it, the plaintiff has a good estate in the premises. They differ from him only as to the character and extent thereof. The will has been proven and established. There is no fact averred from which a necessity may be inferred to have it established by the court.
For the same reasons, the plaintiff need not invoke another branch of the jurisdiction of a court of equity, viz.: That in the exercise of which it entertains an action, “ to establish a will against an heir at law, at the suit of a mere legal devisee, not charged with any duty or trust under the will.” The defendants do not claim as heirs at law. They do not impugn the will. It needs not to be established. It is established, and they do not seek aught else than to uphold it, as the very source of the rights which, as they claim, will accrue to them in the future, after the death of their mother.
The plaintiff concedes that it is not an action in which a bill has been filed quia, timet, but claims that it is in the nature of such a bill. If that be so, still it does not appear that the facts stated in the complaint make out a case for that bill. A bill quia timet is in the nature of a writ of prevention, and is entertained as a measure of precautionary justice, and to forestall wrongs or anticipated mischief. As where a guardian or other trustee is squandering the estate, or when one in possession of property which another unjustly claims, is likely to lose the evidence of his title by a delay in the assertion and testing of the hostile claim. Here there is no danger of loss to the plaintiff by waste of the estate. It is he who is in the possession and enjoyment of it. *416 His reason set up for this action is not that the estate is depreciating, but that he desires to make it better, by improvements of it, in the nature of additions to it. Hor is there danger of the evidence of his title fading out or being lost. It is of record. He needs not to secure or perpetuate any proof now resting in parol, or otherwise fleeting.
Hor is it a bill of peace. There is not a great number of persons interested in the questions in dispute or in doubt. Hor is the action necessary to prevent a multiplicity of actions. And, although the relative rights of the parties have not been adjudicated upon, and pronounced by the judgment of a court of law, yet they rest entirely in the construction which the law will place upon a paragraph in a written instrument, to which both' parties look as the source of their rights, and the true meaning and intention of which can readily be pronounced by a court of law, whenever the parties shall appear before it, with, an actual controversy.
We see nothing in the facts stated in the complaint which calls upon the court, either upon- its equity or upon its law side, to entertain the action and pronounce a judgment upon the rights of the parties under the last will and testament set forth in the pleadings. So that the judgment of a dismissal of the complaint, as not containing facts sufficient to constitute a cause of action, was correct and must be affirmed.
The case has been fully and well considered, in the opinion of the G-eneral Term, delivered by Justice Platt Pottek, and referring to that we need not elaborate further the views of this court.
We will only add, that the granting of the request to amend the pleadings, was in the discretionary power of the court at Special Term; nor do we think that there was any erroneous exercise of that discretion in the refusal.
The judgment should be affirmed with costs.
All concur.
Judgment affirmed.