ANNIE D. BENNETT, as Trustee, &c., Plaintiff, *against* ISAAC ROSENTHAL *et al.*, Defendants.

[SPECIAL TERM.]

(Decided February 4th, 1880.)

Certain leasehold property was conveyed to plaintiff, in trust for grandchildren of the grantor, by an instrument in writing, in which the grantor directed that plaintiff should enter into possession the day after

the death of the grantor, should her will fail to positively convey and
assign the indenture of lease; and that plaintiff should only record and
publish the instrument in case the grantor's will failed to convey said
property to her grandchildren, or in case her daughter failed to keep a
promise to see provision out of the grantor's estate made for the grand-
children by an immediate conveyance of said property to them; and
should the daughter, by want of a specific assignment, come into posses-
sion herself of the property, or should the property, at any time after
the grantor's death, in default of conveyance either by her will or by
her daughter, be subject to any claim by any person, then that the
assignment to plaintiff be at once made public.  By her will, afterwards
executed, the grantor gave all her property to her daughter; and after
her death and probate of the will, the daughter executed an assignment
of the leasehold property to the grandchildren, which was not, however,
recorded; and a subsequent renewal of the lease was taken by the daugh-
ter in her own name.  Afterwards, in an action against the daughter
upon notes given by her before the death of her mother, a warrant of
attachment was issued against her property, and levied upon the lease-
hold; whereupon plaintiff, as trustee, brought this action, making the
attaching creditor, the daughter, and the grandchildren, parties, to
establish the trust, and to release the property from the lien of the
attachment.  Upon issues raised and framed on the answer of the attach-
ing creditor, a jury found specifically that the daughter had notice of the
assignment of the lease to the plaintiff in trust, having been a subscrib-
ing witness to the instrument and present at its delivery; and that after
the assignment by herself to the grandchildren, she did not take the
renewal of the lease individually, or as her own property; and other
findings specifically negatived all the assumptions of fraud in respect of
the transactions.  *Held*, that the assignment to plaintiff, though not
valid as an express trust, not being a trust authorized by the Statute of
Uses and Trusts, might take effect as a power in trust; that such power
in trust was not revoked by the subsequent will, and the property passed
to the daughter under the will, subject to the power; that the assign-
ment of the property by the daughter to the grandchildren operated to
put an end to the power, in accordance with the provisions of the power
itself; that thereafter the daughter had no interest to which a lien of her
creditors could attach, and, upon the findings of the jury, the attach-
ment against her property should not be allowed to defeat the assign-
ment by her to the grandchildren; and that the leasehold estate and all
interests under it were vested absolutely in the grandchildren, not sub-
ject to any claim by the attaching creditor under his attachment.

TRIAL of an action to establish a trust.

This action was brought to establish the validity of a
trust deed, made in November, 1875, by Elizabeth T. Hol-
brook to the plaintiff, and to release certain leasehold prop-

erty from the lien of an attachment obtained by the defendant Rosenthal in an action commenced by him against the defendant Von Roques. The trust deed assigned and transferred to the · plaintiff the property attached, in trust for ner grandchildren, the defendants Chandler, and further provided that she should "enter into possession the day after my death, should my will fail to positively convey and assign the indenture of lease." . . . . . "I decree that a condition of this conveyance and assignment shall be that said Annie D. Bennett shall hold the same unrecorded and unpublished until after my death, and shall only record and publish the same in case my will fails to convey said property to my grandchildren, or in case my daughter, Caroline E. Von Roques, shall fail to keep the promise I have exacted from her to see provision out of my estate made for my grandchildren by an immediate conveyance on her part of said property to my grandchildren ; and should my daughter, by any want of a specific assignment, come into possession herself of said property, or should said property, at any time after my death, in default of said conveyance by my will, or in default of said conveyance by my daughter, be subject to any claim by any person or persons, then I decree that this assignment be at once made public." This deed was delivered to plaintiff, and in 1876, about six months afterward, Mrs. Holbrook died, leaving a will, executed a few days before, devising all her property to her daughter.

The will was proved in February, 1877. In July, 1877, the defendant Von Roques executed an assignment to defendants Chandler of the leasehold property and sent it to her agent here, but it was not recorded. Afterwards a renewal of the lease was made to the defendant Von Roques, and she mortgaged it in her own name. In February, 1878, Rosenthal commenced an action against her to recover the amount of certain notes alleged to have been made by her in 1875, and obtained an attachment, and this property was attached.

Issues were framed, and the jury found in favor of

plaintiff. The case was afterwards brought on for hearing at Special Term.

*Alfred Roe* and *John I. Macklin*, for plaintiff.

*Francis Forbes*, for defendants Chandler.

*S. W. Fullerton, Julius J. Lyons* and *Alfred Lyons*, for defendant Rosenthal.

CHARLES P. DALY, Chief Justice.—My conclusions in this case are as follows:

Although the lease is personal property, and, as such, goes to the executor and not to the heir (2 Kent's Com. 342); still it is an estate in lands (1 R. S. 723, 1). The laws in relation to limitation and perpetuities apply to it, and it is therefore within the provisions of the Statute of Uses and trusts.

The design of Mrs. Holbrook, as appears by the instrument of assignment, was to alienate all her interest in the lease, upon a certain contingency,—viz., if she should die without making provision for the two grandchildren named in the instrument, or in her will would "fail to positively convey, make over and assign in a specific manner the indenture of lease for the sole benefit of the grandchildren,"—upon the happening of which contingency, the plaintiff, to whom in the preceding part of the instrument the lease was assigned in trust by apt words of conveyance, was, the day after Mrs. Holbrook's death, in the language of the instrument, "to enter into possession in trust of said indenture, with all provisions thereof," and hold the same in trust until one of the grandchildren, H. St. John Chandler, should reach the age of twenty-one years, when the trust was to cease and the plaintiff was to transfer the indenture of lease to Mrs. Holbrook's grandchild, H. St. John Chandler, "to hold in fee for himself," and in trust for the remaining grandchild, his sister Florence E. Chandler. This was not a valid express trust, not being one of the express trusts

provided for by the Statute of Uses and Trusts (1 R. S. 728, § 55), and no legal estate under the lease was vested by it in the trustee. But though invalid as an express trust, it could be carried into effect as a power in trust; for any active trust to do an act not forbidden by law may be carried out and executed as a power in trust (*Downing* v. *Marshall*, 23 N. Y., 379, 380; *Lang* v. *Ropke*, 5 Sandf. 374, 375), the sole object of the statutory regulations being to abolish passive trusts by giving to the beneficiary at once the legal estate; to limit the cases in which the legal estate would go to the trustee under an express trust, and to allow any other active trust to be executed as a power in trust, under which the legal estate remains in the donor of the power, or passes by grant, devise or descent, subject to the execution of the power.

This instrument created a power in trust "to enter into the possession of the lease, with all its provisions," and to assign it, as provided for, when the grandchild named reached twenty-one years of age. The fact that the plaintiff was to enter into possession on the day after the death of Mrs. Holbrook, even if susceptible of the construction which the defendant Rosenthal's counsel puts upon it where an estate is limited, which I am not prepared to concede, could have no such effect in the case, if a power in trust (*Blanchard* v. *Blanchard*, 4 Hun 289–292).

The instrument executed by Mrs. Holbrook further provided that the plaintiff should hold the instrument unrecorded until after the death of Mrs. Holbrook, and should only record and publish it in case Mrs. Holbrook failed to convey or assign the leasehold property to her said grandchildren by her will, or in case her daughter, Caroline E. Von Roques, should fail to keep the promise that she (Mrs. Holbrook) "had exacted from her," to see provision made out of Mrs. Holbrook's estate for the grandchildren "by an immediate conveyance and assignment on her part" of this leasehold interest to the grandchildren, or should, by any want of a proper assignment of any part of Mrs. Holbrook's property to the grandchildren, come into posses-

sion herself of the said property, or should the property, at any time after Mrs. Holbrook's death, in default of said conveyance by Mrs. Holbrook in her will, or in default of a conveyance of it by Mrs. Von Roques, be subject to a claim by any person other than the claim of a mortgage then existing. Mrs. Holbrook having died without making any provision in her will for the grandchildren, or any devise of the leasehold interest to them, but having devised the whole of her property to Mrs. Von Roques, her daughter, Mrs. Von Roques took the leasehold interest under her mother's will, subject to the execution of the power in trust; for the will was not (Perry on Trusts, § 98), and was not intended to be, a revocation of the power. Every such power is irrevocable unless the authority to revoke it is reserved in the instrument creating it (1 R. S., 685, § 108). And Mrs. Holbrook provided in the instrument how it was to be revoked or put an end to. (*Boughton* v. *Boughton*, 1 Atk. 625 ; *Newton* v. *Aiken*, 11 Bev. 645 ; *Ellison* v. *Ellison*, 6 Ves. 658; *Matter of Way's Trusts*, 2 De Jex., S. & S. 365 ; *Bunn* v. *Winthrop*, 1 Johns. C. 336.

The assignment by Mrs. Von Roques, after her mother's death, of the indenture of lease to the two grandchildren, and of all her interest under it, in conformity with the provision to that effect in the power in trust, with which Mrs. Von Roques was acquainted, as she was the subscribing witness to it, operated to put an end to the power; for where the purpose contemplated and for which the power was created has been effected, the power ceases (*Bruner* v. *Meigs*, 64 N. Y. 516 ; 6 Hun 209).

The unrecorded assignment of Mrs. Von Roques could not be defeated by the levy of an attachment in a suit brought by her creditor, the defendant Rosenthal. The estate passed to her subject to the power, and the assignment by her operated to put an end to the power, in accordance with the provisions of the power itself. Though she took the legal estate in the term of years, she took it charged with the power by which, if she had not done what she did, all her interest in it would go by the recording and

execution of the power to the very beneficiaries to whom she assigned the lease, and by assigning it, she dispensed with the necessity of executing the power.

I wholly fail to see what interest she had to which a lien of her creditors could attach. The counsel suggests that, under the 107th section of the Statute of Powers, it was, as against creditors and purchasers in good faith without notice, a lien only from the time it was recorded; and as it was not recorded when the defendant Rosenthal's attachment was issued, his lien has attached.

This section, from the use of the words "without notice," and "in good faith," is susceptible of the construction that it was designed to protect those creditors who, in respect to the property, stood in an analogous position to that of purchasers in good faith and without notice, such as creditors who had loaned money or given credit to the debtor upon the representation or reasonable assumption that the property belonged to him, which is not the defendant's (Rosenthal's) case; for the debt to him was incurred by Mrs. Von Roques before the death of Mrs. Holbrook, and before Mrs. Von Roques had acquired, under the will, any interest in the property.

But independently of any question of the construction of the section of the Statute of Powers, or of the effect of the failure to record the power before the levying of the defendant Rosenthal's attachment, his attachment should not be allowed to defeat the assignment by Mrs. Roques of the lease to the grandchildren. The jury have found specifically, upon the issues framed and raised by his answer, that the loan made by the defendant Rosenthal to Mrs. Von Roques and her husband was not made upon a representation by her as to her being heir to her mother's property, or that the said property was more than sufficient to satisfy his demand; that she did not promise security from her mother, and that he did not rely on such inducements or representations in loaning to her and her husband further sums of money, or abstain from demanding or collecting what was then due to him.

They also found that she had notice of the instrument assigning the lease in trust to the plaintiff, and of its provisions; that she subscribed her name to it as subscribing witness, and that it was delivered in her presence; that neither it nor the assignment of the lease by Mrs. Von Roques to the grandchildren, after Mrs. Holbrook's death, were given in fraud of the defendant Rosenthal, or as a plan or scheme to defeat his claims; that it was not, as he averred, a trick or device with such an end in view, which was only to be made known, used and enforced to defeat him in the enforcement of his rights; and they have also found that Mrs. Von Roques did not take the renewal of the lease individually or as her own property.

The findings of the jury, in fact, have negatived all the assumptions of fraud in the execution of the power in trust, and the subsequent assignment by Mrs. Von Roques to the grandchildren was executed in good faith.

The power, the will, and the finding of the jury, taken together, show that Mrs. Holbrook meant that on her death all her interest in this lease should be assigned to her two grandchildren; that to secure that object she gave this power in trust to Mrs. Bennett, the plaintiff; but that it was her wish that instead of their receiving this bounty directly from her, they should receive it through their mother, Mrs. Von Roques; that she therefore exacted a promise from her daughter that she would, in the language of the power, "see that provision was made out of Mrs. Holbrook's estate" (which must be understood as meaning the estate that would be devised to her by Mrs. Holbrook's will) for her two grandchildren "by an immediate conveyance and assignment on Mrs. Von Roques' part of the said property," meaning thereby the interest that Mrs. Holbrook had in this leasehold estate; that to secure the grandchildren against the event of the non-fulfillment by her daughter of this promise the power in trust was given to the plaintiff, with the provision that it was not to be recorded or executed unless Mrs. Von Roques failed to do so; that in consequence of this promise by Mrs. Von Roques, Mrs.

Bennett v. Rosenthal.

Holbrook did not in her will, in the language of the power, " convey, make over and assign in a specific manner the said indenture of lease, etc., for the sole benefit" of the two grandchildren, nor make any other provision in her will for them, but devised and bequeathed all her property to her daughter, Mrs. Von Roques; and that Mrs. Von Roques, after her mother's death, in fulfillment of the promise she had made to her mother, and in consideration of what her mother had omitted to do, and what she had done by leaving the whole of her estate to her, executed an unconditional assignment of this leasehold property to the two grandchildren, H. St. John Chandler and Florence E. Chandler, and delivered it to her agent in New York to be recorded for them; that as the lease, by its terms, had to be renewed, she took a renewal of it from the lessor, not for her own individual benefit, nor upon the assumption that it was, or was ever intended to be, her property, but solely to secure it in and for her children, as their property, in accordance with her mother's intentions; and that all this was done, both on the part of Mrs. Holbrook and of Mrs. Von Roques, in good faith, without any intent to defraud creditors, or to hinder, obstruct or prevent the defendant Rosenthal from enforcing the claim which he had, before Mrs. Holbrook's death, against Mrs. Von Roques or her husband.

My conclusion is that these facts clearly show that Mrs. Von Roques' promise was founded upon and is supported by a sufficient consideration, which was afterwards carried out and received by the subsequent devise of her mother to her of the whole of her property; and as Mrs. Von Roques, in fulfillment of her promise and obligation, assigned the indenture of lease to the two children, that their estate in it cannot be divested by any claim of Mrs. Von Roques' creditors, whether enforceable by attachment or otherwise (*Norton* v. *Mallory*, 63 N. Y. 437; 1 Hun 502; *Lamont* v. *Cheshire*, 65 N. Y. 35; *Siemon* v. *Schurck*, 29 N. Y. 598; 33 Barb. 9; *Bunn* v. *Winthrop*, 1 Johns. Ch. 337), and this, in my opinion, is deducible from the facts, independent of the question as to the effect of not recording the power.

I shall not discuss the point presented by the defendant Rosenthal's counsel, that the plaintiff could not, under section 449 of the Code, bring this action in her own name as trustee, as I do not think it necessary. It is an equitable action. Mrs. Von Roques is made a party to it, as well as the two grandchildren, who appear by their guardian; and by their answer, put in by him, " claim such interest in the premises as they are entitled to, and submit their rights and interests in the matters in question in this action to the protection of the court."

The court, therefore, having all the necessary parties before it, may adjudicate upon their respective rights, and administer upon the whole case such equitable relief as they or any of them may respectively be entitled to. The plaintiff had a right to bring the action to obtain the judgment of the court as to her position, rights or duties under this instrument in trust; the effect upon it of the subsequent will of Mrs. Holbrook, and of the assignment made by Mrs. Von Roques to the grandchildren, and as to the rights of the defendant Rosenthal, who had attached the property for a debt due to him by Mrs. Von Roques, and who claimed that the grandchildren never had any right to the property; that no trust was created under the instrument given by Mrs. Holbrook to the plaintiff which was enforceable by the laws of this state; that both the power in trust given by the plaintiff and the assignment by Mrs. Von Roques, were made in fraud of his rights and to prevent him from collecting his debt out of the property of Mrs. Von Roques; that it was a scheme or plan of pretended trust, made only for the purpose of defeating his rights, and with a view to be used and enforced only if necessary to obstruct and defeat him in the collection of his debt; and that he had the right to hold the property in question under the attachment to satisfy any judgment that he might recover against Mrs. Von Roques.

A court of equity has jurisdiction to give effect to gifts by completing them in accordance with the donor's intention, after his death (Adams' Equity, 26). And trustees

have a right to come into a court of equity for its assistance and protection in all cases of doubt or difficulty in the administration of the trust, or for its direction as to whether the trust ought to be executed (*Treadwell* v. *Cordis*, 5 Gray, 341; *Crossby* v. *Mason*, 6 Am. Law Rep. 14, with Ch. J. REDFIELD's note; *Neale* v. *Davis*, 5 De Gex, M. & G. 263; *Bowers* v. *Smith*, 10 Paige, 193; *Vanness* v. *Jacobus*, 2 C. E. Green [N. J. Ch.], 154; *Atkinson* v. *Holtby*, 10 House of L. Cas. 313; Hill on Trustees, 4th ed. 543). The entertaining of such suits being, on the part of the court, simply a matter of discretion, under the circumstances of this case the action was properly brought to settle the question as to the right to this leasehold estate, and the decision rendered by the court will be conclusive upon all who are made parties to it.

My final conclusion is that the leasehold estate, and all interests under it, are vested absolutely in the two grandchildren, H. St. John Chandler and Florence E. Chandler; that it is not subject to any claim by the defendant Rosenthal under his attachment; and that it be released from the lien which he claims to have obtained under the attachment, and from all claim of whatever kind or nature thereunder. The findings will be settled according to these conclusions.

Judgment accordingly.