JANE ELIZABETH GILLEN

*v.*

MARY ELIZA HADLEY et al.

[Decided May 15th, 1905.]

1. A complaint in a court of chancery by *cestui que trust* under a will alleged that defendants, as trustees under the will, had received money and property belonging to the estate and had never accounted therefor, and asked that they make a discovery of all property which had come into their possession as trustees, and that they be required to file an account showing all their transactions and a schedule of all property in their possession. Subsequently to filing of the bill, but prior to the service of subpœna on defendant trustees, they filed with the prerogative court an account purporting to show all their transactions as such trustees to several items of which exceptions were then pending, and these facts were pleaded to the action in chancery. It did not appear that any of the parties knew of the proceedings of the others prior to the service of the subpœna on defendants.—*Held,* that the jurisdiction of the chancery court had been properly invoked, and that the court would maintain jurisdiction, since it had first taken it.

2. In a suit in chancery, if a question arises as to the validity of a devise in a will, and the reading of the clause in question does not settle the matter, the court may hold the bill until an action at law is brought

to establish the title, or it may refer the question to a court of law for an opinion thereon as provided by Chancery act of 1902, section 79. *P. L. 1902 p. 537.*

3. A bill in chancery by a *cestui que trust* under the will·of a testator alleged that temporary annuities given by the will had ceased by the death and the attaining of majority of the beneficiaries thereof, and that all of the temporary purposes for which the trustees were directed by will to hold certain real estate had ceased and been determined, and that a certain devise in trust was void, because the ultimate disposition of the residue violated the rule against perpetuities, and that complainant was entitled to the same as an heir of testator, and, in addition to a general prayer, the bill asked that the executors give a full account of the estate and make discovery of their transactions as such, and as to what sums of money had been realized from the sale of real estate, and asked that the portion of the will attempting to create a perpetuity be declared null and void, and that the oratrix receive her share of the estate of the decedent.—*Held,* that the bill made a case within the jurisdiction of the court independent of the title to the real estate.

Heard on bill and combined plea and demurrer.

This is the second suit in this court between these parties.

It was commenced by bill filed on the 7th day of September, 1906.

The complainant is one of the children of Henry P. Simmons, late of the city of Passaic, and one of the *cestui que trusts* under his will.

The defendant Mary Eliza Hadley and her husband, Jacob F. Hadley, William Nelson and Colin R. Wise are the executors named in said will. Mrs. Hadley is one of the children of said testator, and she and her husband are named as the trustees under said will. Their duties and powers as such are distinct from their duties as executors.

The will of Mr. Simmons was dealt with by the court of errors and appeals in *Simmons* v. *Hadley, 63 N. J. Law (34 Vr.) 227.* Subsequently Mr. Nelson, the active executor, prepared and procured to be passed·by the prerogative court an elaborate joint account of the dealings of the executors, which account was subsequently repudiated by Mrs. Hadley, as executrix, in a bill filed by her against Nelson, which resulted in this court adversely to Nelson, and to a setting aside and readjustment of the account, as between the executors, up to that date.

The complainant herein was a party to that suit, and co-operated with her sister, Mrs. Hadley, in attacking the accounting in the prerogative court.

Henrietta Simmons, the plaintiff in *Simmons* v. *Hadley, supra,* is one of the defendants herein.

Mrs. Howe, the fourth daughter of the testator, and one of the beneficiaries under his will, died before the filing of the present bill, leaving no children, and testate of a will in favor of her husband, who, however, had predeceased her.

*Mr. Sherrerd Depue,* for the complainant.

*Mr. Edwin G. Adams,* for the defendants.

PITNEY, ADVISORY MASTER.

This is a suit by a *cestui que trust* against a trustee. The trust was created by a will, and the trustees had been in possession of the estate, real and personal, eight or more years before the bill was filed. The subject of the trust is at present both real and personal estate. The will gave and devised all of the testator's property, with certain exceptions, to the trustees in trust for the purposes of his will, with power of sale. That gift in trust, and the objects and purposes of the trust, are set forth in the tenth paragraph of his will and thirteen subdivisions of it. They are stated sufficiently for present purposes in *Simmons* v. *Hadley, supra.* The fifth paragraph of the bill alleges that Mrs. Hadley and her husband have, as trustees, from time to time collected and received moneys and other property belonging to the estate, the exact amount of which is unknown to the complainant, and have never accounted to the complainant or to any court respecting the same. The third paragraph of the prayer is that Mrs. Hadley and her husband may make discovery of all money, property, books and papers of every description which have come into their possession, or the possession of either of them, as trustees under the will, &c., and that said trustees may be required to file an account in this court showing all their transactions as such trustees, and what sum or sums of money have been received by them belonging to said estate, together

with a list or schedule of all the real estate or personal property now in their possession or claimed by them as trustees under said will.

After demurring to all the bill, except the fifth paragraph of the statement of the bill and the third paragraph of the prayer, above recited, the defendants, Mrs. Hadley and her husband, plead to the statement and prayer last mentioned

"that on the 13th day of September, 1906, they filed with the prerogative court an account showing all their transactions as such trustees, what sum or sums of money had been received by them belonging to the said estate and what payments from such moneys had been made by them in fulfilling their trust as trustees under the said will; that the register of said prerogative court duly audited and stated the said account, and that legal notice of the proposed settlement of said account was given, as appears by affidavits filed in said prerogative court; that one Henrietta Simmons, one of the defendants in this suit, filed exceptions to four items in said account, and that the ordinary, by an order made on the 16th day of October, 1906, referred said exceptions to a master of this court to take proofs thereon and report his conclusions to said prerogative court, and said exceptions have not yet been finally disposed of."

By comparing the plea with the prayer it will be observed that the plea is not so broad as is the prayer, which is based on other allegations in the bill besides that in the fifth clause.

It is further to be observed that the bill was filed in this court seven days before the account was filed in the prerogative court, and that the proceedings set up in the plea as being taken in the prerogative court upon the exceptions were taken on the 16th day of October, while the service of the subpoena upon Mrs. Hadley and her husband was acknowledged by their solicitor as of the 28th day of September previous thereto. There is nothing in the papers to show that the complainant had notice, at the time of the filing of her bill, that the defendants were preparing their account for the prerogative court; nor, on the other hand, to show that the defendants, when they filed their account, knew of the filing of the bill. It thus appears that the complainant had invoked, in a proper manner, the jurisdiction of this court to take cognizance of this accounting before the defendants had actually filed their account in the prerogative court.

The jurisdiction of this court is undoubted, and the general rule is that if it first takes jurisdiction it will maintain it to the exclusion of the regular probate courts. On the other hand this court will not withdraw an accounting already pending and thereby interfere with the jurisdiction of either of the other courts after they have once entertained it, except for special reasons. But for special and sufficient reasons this court will arrest a proceeding in the prerogative court or the orphans court in a given case and assume exclusive jurisdiction.

In the present case I find reasons in the circumstances set forth in the bill for the conclusion that it is altogether better that the whole subject should be dealt with in this court, and I will therefore advise that the plea be overruled without prejudice to the defendants to set up the same matter by their answer.

The complainant is clearly entitled to that part of the prayer for discovery which is not covered by the plea.

There is no prayer in the bill for an injunction restraining proceedings in the prerogative court and no restraint of that character has been applied for.

We come now to the demurrer. For present purposes the statement of the contents of the will, found in the report of *Simmons* v. *Hadley, supra,* is sufficient.

The bill alleges that the temporary annuities given by the will to the daughter, Mrs. Howe, and to the granddaughter, Miss Gillen, mentioned in the opinion in *Simmons* v. *Hadley, supra,* have ceased by the death of Mrs. Howe and the arrival at the age of twenty-one years by Miss Gillen, and that all the temporary purposes for which the trustees were directed by the will to hold real estate has ceased and been determined. It was upon the continued existence of these temporary purposes that the case of *Simmons* v. *Hadley, supra,* was decided in favor of the defendant by the court of errors and appeals and the bill alleges that the original defect in the devise revives, and that the devise is void because the ultimate disposition of the residue violates the rule against perpetuities in that it extends the ultimate division of the property to a period more than twenty-one years beyond the life of a person in being, and that the complainant, as an heir-at-law of her father and of her sister, Mrs. Howe, is entitled to the

same; and it prays, in addition to the general prayer for answer without oath, that the four executors may give a full account of the estate and make discovery of all their transactions as executors and what sums of money have been realized from the proceeds of the estate or from the proceeds of the sale of any of the real estate. This prayer is not covered by the plea.

The fourth prayer is:

"that so much of the will as creates or attempts to create a trust under the tenth paragraph of the will (in which the offensive provision is contained) may be declared to be null and void and as of no effect as a testamentary gift, bequest or devise of the property therein referred to, and that your oratrix may receive her share of said real and personal estate of decedent."

The fifth prayer is that the defendants Hadley may be restrained from making any farther sales of real estate under the power given to them or from giving any deed for the purpose of confirming such sales and for other relief.

To this part of the bill the defendants demur generally for want of equity.

The ground of demurrer is thus stated in the written argument of the defendants. "An heir-at-law who claims a mere legal estate in real property, when there is no trust, is not allowed to come into a court of equity for the mere purpose of obtaining a mere construction of the provisions of the will."

And in anticipation of the claim on the part of the complainant that the trustees have already converted a part of the real estate into money the brief contains this further point: "Upon the principles of equitable conversion the proceeds of the sale of real estate by the trustees are to be regarded as real and not personal property for the purposes of this bill."

The theory of the counsel for the defendants seems to be that complainant must first establish at law their title to the property and cannot use this court directly or indirectly for that purpose.

But the leading case which they cite (*Bowers* v. *Smith, 10 Paige 193*) contains this clear statement by Chancellor Walworth on the part of the court: "So also, if the real estate of the testator

is devised to a trustee upon distinct and independent trusts, some of which trusts are valid and others invalid, there is a resulting trust in favor of the heir-at-law as to so much of the property as is not legally and effectually disposed of by the will, where the interest of each is not turned into a legal estate by the provisions of the revised statutes. The *cestui que trust* in such cases, also, may file a bill in this court to have his rights as *cestui que trust* settled and ascertained, and to have the trusts of the will carried into effect so far as they are valid and effectual. And where there is a mixed trust of real and personal estate it frequently becomes necessary for the court to settle questions as to the validity and effect of contingent limitations, in a will, to persons who are not *in esse,* in order to make a final decree in the suit, and to give the proper instructions and directions to the executors and trustees in relation to the execution of their trust. (Citing authorities.) But I am not aware of any case in which an heir-at-law of a testator, or a devisee, who claims a mere legal estate in the real property, where there was no trust, has been allowed to come into a court of equity for the mere purpose of obtaining a judicial construction of the provisions of the will."

And that definition or delineation of the jurisdiction of the court covers this very case.

The question is whether the complainant has an adequate remedy at law.

The bill is not filed avowedly for the construction of the will. Its object is to prevent further dealing, by these trustees, with the real estate in question, and a recovery from them of the estate now in their hands.

The necessity for preventing further sales and recovering what had already been sold is the ground of the action so far as demurred to.

The case of *Torrey* v. *Torrey, 55 N. J. Eq. (10 Dick.) 410,* was the case of a woman who filed a bill against her own children, claiming that by the true construction of her husband's will she was the absolute owner in fee-simple of all his property, including certain lands, and asking the court to make a decree to that effect against her own children, infants, and the court refused. *Fahy* v. *Fahy, 58 N. J. Eq. (13 Dick.) 210,* is precisely the same case

as *Torrey* v. *Torrey, supra. Palmer* v. *Sinnickson, 59 N. J. Eq.
(14 Dick.) 530,* was a bill in form to quiet title, but lacked all
the elements of jurisdiction for that purpose. The complainants
desired the opinion of the court in the construction of a will for
the purpose of establishing their title to a sum of money lying
in a bank. The demurrer was naturally and necessarily sustained.

In *Hoagland* v. *Cooper, 65 N. J. Eq. (20 Dick.) 407,* the chan-
cellor, in an elaborate opinion, goes over the whole ground.
There were in that case several specific questions submitted in-
volving the construction of several parts of the will. He says:
"The court of chancery, when called upon to exercise its judicial
functions in determining whether the relief sought by a suitor
should be granted, and when the question whether such relief
should be granted involves the construction of a will, has un-
doubted power and its duty is to construe the will. The peculiar
jurisdiction of this court over trusts and over those charged with
trusts frequently requires it, upon the instance of such trustees
or those interested, to give directions for the conduct of such
trustees in the administration of the trust, and when the trust
is created by will, incidentally, the exercise of this jurisdiction to
direct involves the construction of the will. Mr. Pomeroy, in-
deed, declares that the doctrine in harmony with principle and
sustained by the weight of authority in this country is that the
special equitable jurisdiction to construe wills is a mere incident
of the general jurisdiction over trusts, and that a court of equity
will never entertain a suit brought solely for the purpose of inter-
preting the provisions of a will without any further relief."

The learned chancellor then cites all the New Jersey authori-
ties. As examples of the proper exercise of the power, he cites
*Benham* v. *Hendrickson, 32 N. J. Eq. (5 Stew.) 441,* and *Dusen-
berry* v. *Johnson, 59 N. J. Eq. (14 Dick.) 336.* The chancellor
then sought, in the case before him, for ground for the exercise
of jurisdiction by the court, and found one such matter, and
examined carefully and construed the will as to it, and finally
decided against the complainant, who was a substituted adminis-
trator, and held that the relief ought not to be granted because
it would be inequitable to do so. He then proceeds, in the latter
part of his opinion, to deal with a request made of the court in

that cause to declare its opinion as to the effect of the will upon the real estate of the testator, of which the testator died seized. This he declined to do and added: "In the absence of some specific equitable relief which this court can give, it would be impertinent for it to express an opinion which would not be binding upon a court of law in an action of ejectment and which could not be enforced by any decree of the court."

There was in that case no relief asked for as to the real estate as to the title to which under the will the bill asked the opinion of the court.

A still more recent case, decided in 1906, is *Goetz* v. *Sickel, 71 N. J. Eq. (1 Buch.) 317,* decided by Chancellor Magie. There the bill was filed by the executors, who took the real estate in trust, and under the directions of the will they were collecting rents of a house and paying them to the widow and two daughters, and the bill stated that those daughters were claiming that the executors had no right to hold the property and collect the rents, contending that the devise in question was wholly void because in contravention of the rule against perpetuities. The prayer was for a decree that the trusts may be performed and carried into execution and that all necessary directions may be given for that purpose, and a prayer for further relief. The children and all persons living and having an interest under the will were made parties. The jurisdiction was put upon the ground that the trustees were entitled to the direction of the court. The chancellor held, with reluctance, that he had no authority to grant such a decree, saying that it was plain that what complainants seeked is not a direction as to the performance of their duties as trustees, but to discover whether they are in fact trustees and therefore charged with any duties as such, from which it follows that they were seeking to induce the court to decide the question of the title to land, and dismissed the bill.

The difference between that case and this is that here a devisee, who is also an heir-at-law, is seeking not only the proceeds of sale of the land already made by the trustees, to which she is not entitled if there was a valid devise of the land to the trustees, but also to prevent a further execution of the power of sale. And if the complainant's contention that the devise is void for the reason

stated, then it is eminently proper that the bill should be retained and the relief granted.

Turning to the bill itself we find that it states and charges distinctly that the devise is void, and gives the language in the will which it alleges creates the perpetuity. Now, it is possible that the bare reading of that clause in connection with the well-settled rules of law would leave the matter not open to doubt, and the court may find itself unembarrassed by any question in that respect. In short there may be no question to solve. But if the court finds itself embarrassed there remains two modes for the relief thereof.

In the first place, the court may do as it does in cases where the title to land is questioned in a suit for partition. It may hold the bill until an action at law is brought to establish the title, or, in the second place, it may refer the question to a court of law for an opinion thereon under the seventy-ninth section of the Chancery act of 1902.

Upon the whole case, then, considering that the bill makes a case clearly within the jurisdiction of the court, quite independent of the title of the real estate, and that it is possible that the court will not be embarrassed with any doubt as to title when it comes to the hearing of the cause, and further, that this is an action by the *cestui que trust* against the trustee, and that if, in the course of it, any embarrassment does arise out of a doubt as to the title to land set up by the complainant, the court will find no difficulty in procuring that doubt to be settled by a court of law, I am of the opinion that the demurrer should be overruled, and will so advise.