# SUPREME COURT.

AUGUSTA STINDE and others agt. JOSEPH RIDGWAY and others.

*Action for construction of a will — Heir at law cannot maintain same — Survivorship of persons lost in a shipwreck — Burden of proof — devise in trust.*

The heir at law of those in whose favor devises and bequests are made in a will, cannot maintain an action in equity for its construction; nor can those who claim in opposition to the dispositions of the will. Their remedy is legal, not equitable.

Vesting of the legal title, in case of a devise in trust, considered (*Newell* agt. *Ridgway*, 12 *Hun*, 604, *applied*).

Where the testatrix and her two grandchildren were lost in a shipwreck, and it appearing that a wave bore the testatrix from the saloon in which the children were with her, and she was not seen afterwards alive, the grandchildren being seen alive a few minutes afterwards, when the saloon, with its inmates, was carried away: *Held*, that while from such facts it cannot be said to be absolutely certain that the testatrix died first, yet under the case of *Pell* agt. *Ball* (1 *Cheves Eq.* [*S. C.*], 99), the evidence might justify such conclusion.

The burden of proving a survivorship rests upon the party who claims through it.

*New York Special Term, April,* 1878.

ACTION for construction of a' will.

*George C. Genet,* for plaintiff.

*Samuel Newell* and *John D. Taylor,* for defendant.

VAN VORST, *J.* — This is an action brought by the heirs at law and next of kin of Mary R. Walter and Joseph R. Walter, deceased, for the construction of the will of their grand-

mother, Mary Ridgway, who, with her two grandchildren and their father perished in the wreck of the steamship Schiller, in May, 1875.

By the last will and testament of Mary Ridgway, the rest, residue and remainder of her estate, real and personal, after the payment of legacies, was given to trustees, named by her, with full power to sell, lease or otherwise dispose of same, and to invest and reinvest the proceeds.

The same was to be divided by the trustees into two parts, one for each of the grandchildren of the testatrix, Mary R. and Joseph R. Walter. The trustees were directed to pay over the income and proceeds of the two shares, to the grandchildren severally, until they should attain the age of thirty years, when one-half of the principal sum of each share, was to be paid to the grandchildren, respectively, discharged of the trust. The income of the remaining halves was to be paid or applied to the use of the grandchildren until they arrived at the age of thirty-five years, when the balance was to be paid to them discharged of the trust. It was further provided that should the grandchildren die before attaining the age of thirty years, without issue, then the trustees were directed to pay over the principal of the funds, together with the income thereof, to the lawful issue of Frederick A. Ridgway, Moses Ridgway, John Gunn and Henry Gunn, the division to be in four equal parts, one part for the lawful issue of each of said persons.

The two grandchildren perished when they were severally of the ages of seven and nine years.

The plaintiffs, who are the brothers and sisters of Charles H. Walter, the *father* of Mary R. and Joseph R. Walter, who perished with his children on the Schiller, claim that the residuary bequests to the issue of Frederick A. Ridgway and others have never taken effect, and that after the bequests and devises for the benefit of the grandchildren Mary Ridgway *died intestate;* that the personal estate of the testatrix has passed to, and should be administered by, the personal

representatives of the deceased grandchildren, and that the real estate of Mary Ridgway, the testatrix, descended to her grandchildren and vested in them under the will, and on their death descended to the plaintiffs as an estate of inheritance free from all trusts.

This contention of the plaintiffs is based, in part, upon the assumption that the evidence establishes that the grandchildren survived their grandmother. If the decision of this case turned upon that fact the burden of proving it would rest upon the plaintiffs, and yet it cannot be said to be absolutely certain that she died first.

The testatrix and her two grandchildren with their father were in the pavilion upon the deck after the disaster to the ship. The waves broke over the ship, Mrs. Ridgway was washed out of the pavilion by the sea. Whether she was carried to some other part of the deck or was borne out on the ocean does not appear. It was night. The children with their father were seen alive in the pavilion some ten or fifteen minutes after the grandmother disappeared when it, with its inmates, was swept away. The dead body of the testatrix was afterwards discovered; those of the children were never found.

It may be that the evidence is sufficient to justify the conclusion that the children survived their grandmother as they were last seen alive.

In *Pell* agt. *Ball* (1 *Cheves* [*S. C.*], 99), when B. and his wife perished on board of a steamboat at sea by the explosion of one of the boilers which shattered the vessel and caused it to fall to pieces and sink in about half an hour, upon evidence that Mrs. B. was seen and heard to call loudly for her husband immediately after the disaster and that he was not heard to answer, and was not seen or heard at any time after the explosion, it was held that Mrs. B. survived her husband. The court holding that if there be any evidence whatever, even though it be but a shadow, it must govern in the decision of the fact (*Newell* agt. *Nichols, infra*).

But I regard the dispositions made by the will as fatal to the plaintiffs' claims, although the fact be conceded, as under the circumstances sufficiently proven, that the children survived the testatrix.

In *Newell* agt. *Nichols* (12 *Hun*, 604) the will of Elizabeth M. Walter, the mother of Mary R. and Joseph R., and which contained gifts in trust for their benefit, and residuary gifts over in the event of their dying without issue, was considered.

I discover no sufficient reason for adopting a conclusion different from that reached with respect to the will of the mother, and it must now be held that the legal title to the estate, real and personal, vested in the trustees immediately upon the death of the testatrix, and remained in them until the death of the grandchildren, and that no legal title or interest vested in the grandchildren; that upon their death they had nothing to transmit, and they having died without issue before the time limited for their receiving any portion of the principal of the estate the gifts over vested in those to whom they were, upon such contingency, limited. The intention of the testatrix seems very clear. She did not mean to invest her grandchildren with any legal title or estate in the principal of her property until they should attain the age of thirty years. The legal title was to remain in the trustees for the ultimate benefit of those to whom the estate was given, upon the death of the grandchildren without issue, before reaching thirty years of age.

There is no room for adjudging an intestacy. The whole estate was intended to be, and was, fully given away. But there are objections to this action which, in any event, I regard as fatal. The plaintiffs claim as heirs at law of the grandchildren.

*Bailey* agt. *Briggs* (56 *N. Y.*, 407) holds that an action for the construction of a will is entertained by a court of equity as incidental to its jurisdiction over trusts. The plaintiffs are neither trustees nor *cestuis que trust*. If the plaintiffs have any rights or claim to the estate they are legal and not equita-

ble and should be enforced in an appropriate action for their recovery (*Bowers* agt. *Smith*, 10 *Paige*, 193). Besides plaintiffs claim in direct hostility to the dispositions made of the residuary estate after the death of the grandchildren. They are heirs at law, claiming estates given over to the heirs of Frederick A. Ridgway and others, and as such cannot maintain an action to obtain a construction of the will (*Chipman* agt. *Montgomery*, 63 *N. Y.*, 221).

For the assertion of any claim to the specific personal property given to the children absolutely the action is entirely unnecessary.

These views lead to the conclusion that the complaint must be dismissed, with costs.